Batchelder & a. *v.* Hibbard.

A parol license of a privilege to be executed upon land of the licenser is revocable so far as it remains unexecuted, or so far as any future enjoyment of the easement is concerned. *Houston* v. *Laffee*, 46 N. H. 505, overruling earlier decisions, affirmed.

Petition, for the assessment of damages, under the provisions of c. 20, Laws of 1868. The committee to whom the petition was referred reported that the plaintiffs' mill is of public benefit, and that their dam was erected with the permission, by parol, of the defendant, upon his land, and has since been maintained with his consent, except so far as he has, from time to time, objected to the plaintiffs' right to use it, and to the use made of it, to flow his land. The committee assessed the defendant's damages. The plaintiffs moved for judgment on the report, which the court, *pro forma*, granted, and the defendant excepted.

*Sanborn & Clark*, for the defendant.

*Mugridge*, for the plaintiffs.

Smith, J. The committee have not found in terms whether the license was revoked. The revocation of a parol license may be in writing, or verbal, or by acts clearly giving the licensee notice of the licenser's intention. *Carleton* v. *Redington*, 21 N. H. 291, 311. The committee have reported certain facts from which a revocation may be inferred; but whether the license was revoked, is a question of fact to be found by them, or by the court at the trial term.

The plaintiffs' counsel strenuously contend that a parol license to exercise a privilege upon the land of another cannot be revoked when it has been executed. The more recent decisions in this state, and

the weight of authority, are to the effect that a mere license of this character is always revocable at the will of the licenser, so far as any further enjoyment of the privilege is concerned; for otherwise, such parol license would acquire the force of a conveyance of a permanent character in real estate. *Marston* v. *Gale*, 24 N. H. 176; *Cowles* v. *Kidder*, 24 N. H. 364; *Houston* v. *Laffee*, 46 N. H. 505; 1 Washb. Real Prop. *400, *et seq.*

The doctrine, that such a license cannot be revoked without first reimbursing the money expended, or doing what is equivalent to restoring the licensee *in statu quo*, as held in *Woodbury* v. *Parshley* 7 N. H. 237, was overruled in *Houston* v. *Laffee*, above cited; and the doctrine of the latter case must be regarded as the settled law of this state. See, also, *Morse* v. *Copeland*, 2 Gray 302; 3 Kent's Com. (12th ed.) *452, *n.* 1.

We are not called upon to determine at this time what remedy, if any, on account of their expenditures, on the faith of the defendant's license, the plaintiffs have in equity.

*Case discharged.*

Stanley, J., did not sit.