SPRINGFIELD FIVE CENTS SAVINGS BANK *vs.* SOUTH CONGREGATIONAL SOCIETY OF SPRINGFIELD.

Hampden.   Sept. 23. — Oct. 27, 1879.   ENDICOTT & LORD, JJ., absent.

In an action on a promissory note, to which the defence was payment, it appeared that the defendant signed, but did not seal, a paper purporting to be a mortgage of land as security for the note; that the plaintiff sold the land under a power contained in the mortgage for enough to pay the note, but the purchaser refused to pay the money because the mortgage was not under seal; that, several months afterwards, a bill in equity was brought by the plaintiff against the defendant and the purchaser to reform the mortgage, and, the bill being taken for confessed, a decree was entered that the defendant affix its seal to the mortgage, and that the instrument, as against the parties to the suit, have full force and effect as the defendant's deed from the time it was first delivered to the plaintiff. *Held,* that the action could be maintained.

CONTRACT on a promissory note, dated May 1, 1872, signed by the defendant society, and payable to the plaintiff or order, on demand. Answer, payment. Trial in the Superior Court, without a jury, before *Dewey,* J., who found for the plaintiff, and reported the case for the consideration of this court in substance as follows :

A paper, not under seal, purporting to be a mortgage of land owned by the defendant, was delivered to the plaintiff to secure the payment of the note in suit. On October 2, 1876, the plaintiff, acting under the power of sale contained in the mortgage, offered the premises described therein at public auction, default having been made in the payment of the note and interest. John C. McIntosh, who was then a man of large means and fully able to fulfil his contract, bid therefor $10,484, which was the amount then due on the note, with the expenses of the sale, and was the highest bid offered; and the premises were declared sold to him, and he made the required · deposit, and a proper memorandum was made to hold him to the purchase, had there been no defect in the mortgage. On October 30, 1876, the plaintiff filed an affidavit of sale in the registry of deeds; and, within thirty days from the date of the sale, and agreeably to the conditions of sale, tendered to McIntosh a deed of the land, and demanded payment therefor; but McIntosh refused to accept the deed and pay the amount bid for the premises, for the

alleged reason that the plaintiff had not any authority under the mortgage to sell said real estate, and could not by its deed give any title thereto; and, on November 29, 1876, on demand by McIntosh, the amount deposited by him was refunded to him.

On February 5, 1877, by direction of a committee of the defendant society, a bill in equity to reform the mortgage by affixing a seal thereto was filed in the Supreme Judicial Court, in which the present plaintiff was made the plaintiff, and the present defendant, McIntosh, and other parties who had become interested in said real estate, were made defendants. At April term, 1877, of said court, all the defendants having been defaulted, the bill was taken for confessed, and a decree was entered that the defendant society affix its corporate seal to said instrument and acknowledge the same, " that said instrument, as against all parties to this suit and their privies, have full force and effect as the deed of said society, from the time when the same was first delivered by said society to the plaintiff, and that the several defendants and all persons claiming by, through or under them, or either of them, be enjoined and prohibited from taking or claiming any right, title or interest in or to the premises described in said instrument, except as subject thereto as the mortgage deed of said society." This decree remains in full force, and, in accordance with its terms, the defendant society affixed its seal to the mortgage, and acknowledged the same. Various officers of the plaintiff had knowledge of the pendency of the bill in equity, but made no objection thereto, and took no official action in the matter.

If, upon the above facts, the plaintiff was entitled to recover, judgment was to be entered for the amount found by the judge: otherwise, judgment for the defendant.

*G. Wells,* for the defendant.

*W. L. Smith,* for the plaintiff.

AMES, J. The mortgage, as originally signed and delivered to the plaintiff, not being under seal, could have no effect, either as a conveyance of, or as a power to convey, real estate. The plaintiff, therefore, at the time of the attempted sale, had no title to the real estate, and no power to convey it. The sale was a mere nullity, for want of any authority on the part of the plaintiff to make it; and the bidder was under no legal obligation to

accept the instrument tendered him as a conveyance, or to pay the amount of his bid. The reformation of the mortgage, seven months after the attempted sale, by the decree allowing a seal to be affixed, would not have the effect to give validity to a transaction originally void, and thereby to make the sale binding upon the purchaser. It follows that the note has not been paid by the property intended to be pledged for its security, but is still in full force. See *Elwell* v. *Shaw*, 16 Mass. 42; *Warring* v. *Williams*, 8 Pick. 326; *Stewart* v. *Clark*, 13 Met. 79.

*Judgment for the plaintiff affirmed.*