REID *v.* McQUESTEN.

Damages for the breach by a partner of his agreement to sell to his copartner an undivided part of certain property, and that the whole should thereupon be the property of the firm, cannot be allowed in the settlement of the partnership accounts.

BILL IN EQUITY, to settle a partnership. Facts found by a referee. The plaintiff and the defendant were copartners in the business of cutting and selling wood and timber. The plaintiff, being the owner of certain land called the Doctor lot, in November, 1870, verbally agreed to sell to the defendant one undivided half of the wood and timber standing thereon for $4,000, and that the same should then be the property of the firm. Under this agreement a small portion of the wood and timber was taken off, when, in January, 1872, the purchase-money not having been paid, the plaintiff mortgaged the lot, and notified the defendant that he would be allowed to cut no more wood or timber therefrom. The defendant claimed that in the adjustment of the partnership accounts he ought to be allowed damages equal to the sum which he would have realized if all the remaining wood and timber on the Doctor lot had been taken off and disposed of; but the referee disallowed the claim. The court ordered judgment on the report, and the defendant excepted.

*C. H. Burns* (with whom was *R. D. Barnes*), for the plaintiff.

*E. S. & H. A. Cutter* and *A. W. Sawyer*, for the defendant.

CARPENTER, J. The agreement for the sale of the undivided half of the wood and timber on the Doctor lot, to be taken off at a future indefinite time, was void under the statute of frauds. *Howe* v. *Batchelder*, 49 N. H. 204. But if it were valid, the defendant's

remedy is to be sought, not in this proceeding, but in an action at law upon the contract for a breach of it. Partnership business only will be adjusted upon a settlement of the partnership accounts in equity. The agreement was not a partnership transaction, but the individual engagement of the parties with each other preliminary to the formation of a partnership in respect to the property covered by it. That agreement not having been performed, the wood and timber never became the property of the partnership. *Venning* v. *Leckie*, 13 East 7; *Gale* v. *Leckie*, 2 Stark. 107; *Glover* v. *Tuck*, 24 Wend. 153; 1 Story Eq. Jur., s. 665.

*Exceptions overruled.*

STANLEY, J., did not sit: the others concurred.