BELKNAP.

DUDLEY v. FOOTE & a.

Hay-scales annexed for use to land in the usual manner by the owner of the land, with no purpose of removing them, are real estate, and cannot be conveyed or constructively severed from the soil and converted into personal property by a bill of sale not under seal.

ASSUMPSIT, for money had and received. Facts agreed. Before 1850 Reuben Johnson set hay-scales on his land in the usual manner, in an excavation made and stoned for the purpose, a part of it being in the highway. He died March 16, 1852, having devised the land to Mary N. Johnson for life, or so long as she should remain unmarried; and she married before 1856. In the inventory of his estate, returned in June, 1852, the scales were classed as personal property.

There were six heirs of Reuben Johnson, one of whom was the wife of Mr. Gage. On the marriage of Mary N. Johnson, the land was absolutely and exclusively the property of the six heirs of Reuben, unless their rights were lessened or qualified by a bill of sale of five sixths of the hay-scales, not under seal, which all the heirs except Mrs. Gage gave Mr. Gage November 15, 1853. Soon after Mr. Gage received the bill of sale, he gave a similar bill of one half of the scales to Russ. Similar bills of that half were given by Russ to G. M. Dudley, April 1, 1874, and by G. M. Dudley to the plaintiff, April 22, 1882. The bill from Russ to G. M. Dudley was written by Mr. Gage. In 1856 and 1857 all the heirs of Reuben except Mrs. Gage conveyed five sixths of the land to Mr. Gage, and the land is now, and for many years has been, occupied by Mr. Gage and his wife. Before Russ gave a bill of sale to G. M. Dudley the scales were used by Mr. Gage and Russ, each taking half of the profits and paying half of the expense of repairs; and the same division of profits and expenses was afterwards made by Mr. Gage and G. M. Dudley, until the latter gave a bill of sale to the plaintiff.

Since the plaintiff received her bill of sale and for several years

before, the defendants have had charge of the scales and done the work of weighing, keeping an account of the receipts, and annually paying them (less a commission for their services) to Mr. Gage, supposing him to be sole owner. Before bringing this suit the plaintiff demanded of the defendants one half of the money in their hands belonging to the owners of the scales.

*Barnard & Barnard*, for the plaintiff, cited *Dame* v. *Dame*, 38 N. H. 429; *Snedeker* v. *Warring*, 2 Kern. 170; *Hall* v. *Young*, 37 N. H. 134; *Keyser* v. *School-District*, 35 N. H. 477.

*W. G. Buxton*, for the defendants. The character of the property cannot be changed from realty to personalty by agreement of parties. *Burk* v. *Hollis*, 98 Mass. 56; *Richardson* v. *Copeland*, 6 Gray 538; *Gibbs* v. *Estey*, 15 Gray 587; *Madigan* v. *McCarthy*, 108 Mass. 376; *Trull* v. *Fuller*, 28 Me. 545.

A person cannot be barred by an unsealed instrument by way of estoppel of his right to real estate, but by deed on record. *Gerrish* v. *Union Wharf*, 26 Me. 384; *Kelleran* v. *Brown*, 4 Mass. 443; *Whitney* v. *Holmes*, 15 Mass. 152.

*Shirley & Stone*, on the same side, cited *Arnold* v. *Crowder*, 81 Ill. 56; *Gray* v. *Holdship*, 17 S. & R. 413; *Thomas* v. *Davis*, 76 Mo. 72.

DOE, C. J. The hay-scales, being originally a part of the real estate of Reuben Johnson, passed, with the soil under them, not to his executor, but to his heirs, as a well dug and stoned by the testator at the same place would have passed to them; and their title was not divested and the legal character of the property was not changed by the classification of the executor's inventory. The sixth part of the scales that passed to Mrs. Gage (one of the heirs) has not ceased to be a part of her undivided sixth of the whole tract of land. The rest of the tract was conveyed by her co-heirs to her husband. The plaintiff has acquired no interest in the land by deed, devise, descent, prescription, or estoppel; and the questions are, whether one half of the scales became the plaintiff's personal property, and whether, in this action of assumpsit, she can recover a part of the income received by the defendants, who are agents of Mr. Gage, who is agent of his wife.

The land under the weighing apparatus belongs to Mr. and Mrs. Gage, and an undivided part of the income received by the defendants is compensation for the use of that land; and if the plaintiff could recover some of the income she would not be entitled to any of the ground rent included in the income.

Mrs. Gage has not consented to a transformation of any part of the scales into personal property, nor imposed upon the land the incumbrance of the plaintiff's right to keep her personal property

on it; and the cotenants of Mrs. Gage could not subject the land
to such an incumbrance to her detriment. If, by the bills of sale,
the plaintiff had become owner of one half of the scales as personal
property, that half would occupy the Gages' land under a license
which Mrs. Gage might claim was unauthorized, and which Mr.
Gage might claim was revocable or limited in time. *Houston* v.
*Laffee*, 46 N. H. 505; *Batchelder* v. *Hibbard*, 58 N. H. 269; *Tay-
lor* v. *Gerrish*, 59 N. H. 569; *Morse* v. *Copeland*, 2 Gray 302;
*Wiseman* v. *Lucksinger*, 84 N. Y. 31; *Wood* v. *Leadbitter*, 13 M. &
W. 838; *Adams* v. *Andrews*, 15 A. & E. (N. S.) 284; *Cornish* v.
*Stubbs*, L. R. 5 C. P. 334; *Mellor* v. *Watkins*, L. R. 9 Q. B. 400.
With or without a revocation or other termination of the license,
there would be a question whether the plaintiff could rightfully
keep her half of the scales where they are. And as they are prob-
ably indivisible, and a removal of the whole or half of them would
be a destruction of Mrs. Gage's real estate, there would be a ques-
tion whether the plaintiff could rightfully carry her half away.
But it is not necessary to consider the difficulties of the ownership
for which the plaintiff contends, or to inquire whether Mrs. Gage's
cotenants could, by deed, constructively change an undivided por-
tion of a stratum of a section of the land into personalty.

If a deed of the scales, executed by all the heirs of Reuben
Johnson, would have conveyed the scales and the land under them
(*Marston* v. *Stickney*, 58 N. H. 609), and if the cotenants of Mrs.
Gage could have made a partial partition of the whole tract by
a deed of their five sixths of the scales (4 Kent 368; *Davis* v.
*Barnard*, 60 N. H. 550), the bills of sale given by them and Mr.
Gage, not being deeds, did not convey a legal title. *Kingsley* v.
*Holbrook*, 45 N. H. 313; *Howe* v. *Batchelder*, 49 N. H. 204; *Stew-
art* v. *Clark*, 13 Met. 79; *S. Bank* v. *Cong. Society*, 127 Mass. 516;
*Morss* v. *Salisbury*, 48 N. Y. 636; *Wheeler* v. *Reynolds*, 66 N. Y.
227. Material things, united in fact, are sometimes separated in
contemplation of law. For some purposes there may be a con-
structive severance of growing trees or other part of the realty,
and a conversion of the constructively severed part into personalty
by deed. *Kingsley* v. *Holbrook, supra; Gooding* v. *Riley*, 50 N. H.
400, 412, 413; *Hoit* v. *Stratton Mills*, 54 N. H. 109, 110, 111; *L.
F. Co.* v. *L. G. & F. Co.*, 82 N. Y. 476, 484, 485; *Irons* v. *Webb*,
12 Vr. 203. The severance and conversion are effected by the
instrument that divides the title of the realty into parts, and con-
veys a part away. The farm of A is not turned into personal
property by his deed conveying the whole title to B, or by a bill
of sale that conveys nothing. Here has been no conveyance by
either of the Gages, and no actual or constructive severance of the
scales or one half of them from the rest of the land. By a bill of
sale not under seal, given by Mr. Gage either before or after he
received his deed, he could convey neither one half of the whole
tract of land, nor one half of an unsevered part of it. Such a bill

of sale, signed by him and his wife, would not have transferred the legal title.

If, for the purpose of this case, any intention of Reuben Johnson could have prevented the scales becoming real estate, it does not appear that he had an intention that could qualify the legal effect of his annexation of them to his soil. The opinion of subsequent owners of the land that the scales were not real estate was an error of law that did not change the legal character of the property, and Mr. Gage's intention to convey one half of the scales was not carried into effect by such an instrument as the law requires for the conveyance of realty. If all the signers of all the bills of sale intended to make the purchaser a tenant in common of the land, or owner of an undivided part of the scales constructively severed from the land, and if either of the bills of sale is a memorandum of a contract of which specific performance can be enforced in equity by a decree for a deed making the plaintiff the owner of one half of the scales unsevered or constructively severed, such a deed cannot be given by the defendants; and all the bills of sale without a seal have not carried to the plaintiff the legal title necessary for the maintenance of this action. For the purpose of this case the bills of sale are as immaterial as so many oral sales of unsevered realty. The scales are a part of the land; and the plaintiff, not being a cotenant of the land, is not a cotenant of its income.

*Judgment for the defendants.*

CARPENTER, J., did not sit: the others concurred.