Belknap,
Dec., 1894.

### LAMPREY & a. v. EASTMAN.

A grantor of land is not liable to a purchaser of standing timber who agreed to cut the same before the date of the conveyance, and was prevented from so doing by the grantees after the expiration of the time limited.

ASSUMPSIT, for money paid for standing timber, on the ground of a partial failure of consideration, with a count in case for depriving the plaintiffs of a part of the timber by conveying the land.   Facts found by the court.

December 17, 1889, the defendant, by a contract in writing not under seal, sold to the plaintiffs the pine and oak timber then standing on his farm, to be cut before April 1, 1891, for $600, which the plaintiffs paid.   Before February 27, 1891, the

greater part of the timber had been cut. On that day the defendant executed a deed of the land to Abbie H. Lindsey and Harriet L. Smith, who knew the timber was sold to the plaintiffs and that a portion of it had not been cut. The deed was not delivered to them until April 7, 1891. In March, 1891, the plaintiffs obtained from Mr. Lindsey (Abbie's husband) permission to cut the remaining timber during the next winter (1891-92). But for this permission they would have cut it all before April 1, 1891. The plaintiffs began cutting the next winter, but were stopped by the defendant's grantees, who denied Lindsey's authority to extend the time, brought trespass against them for what they had cut, and recovered a judgment for damages.

*Jewett & Plummer*, for the plaintiffs.

*Jewell, Stone, Owen & Martin*, for the defendant.

CARPENTER, J. There was no failure of consideration. The plaintiffs received all they bargained and paid for (*Davis* v. *Bryan*, 6 B. & C. 651), viz., the right to cut all the pine and oak timber on the farm that they chose to cut before April 1, 1891. It is immaterial that by the contract no property in the standing timber passed to the plaintiffs (*Kingsley* v. *Holbrook*, 45 N. H. 313, 320), and that the agreement operated only as a license revocable at the defendant's pleasure. *Howe* v. *Batchelder*, 49 N. H. 204; *Abbott* v. *Baldwin*, 61 N. H. 583, 586. It was not revoked. It afforded the plaintiffs full protection for all they did under it. It was not the defendant's but their own fault that they did not take the remaining timber within the time limited. He did nothing to prevent them. His deed to Lindsey and Smith had no effect until its delivery, April 7. He is not responsible for the result of the plaintiffs' negotiation with the husband of one of the grantees for an extension of the time.

*Judgment for the defendant.*

SMITH, J., did not sit: the others concurred.