HENRY E. GAYLORD *vs.* PAUL PELLAND & others.

Hampshire.     September 29, 1897. — October 22, 1897.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Reformation of Instrument — Equity — Decree — Bar — Evidence.*

If an instrument which requires a seal is by accident or mistake executed without one, a court of equity may grant relief by compelling a seal to be affixed, or otherwise.

A decree in a suit in equity, declaring an instrument purporting to be a mortgage of land void for want of a seal, and the proceedings by which it had been sought to foreclose it also void, is not a bar to a subsequent suit in equity by the holder of the instrument to have it reformed.

If a decree in a suit in equity, declaring an instrument purporting to be a mortgage of land void for want of a seal, recites that "the seal now upon said mortgage was placed thereon after its execution and delivery, and without the knowledge or consent of" the mortgagor, and it is not determined and does not appear who placed it there, or under what circumstances it was so affixed, evidence offered by the holder of the instrument, at the hearing of a subsequent suit in equity to have it reformed, that it was the intention of the mortgagor, at the time the instrument was executed, that there should be a seal upon it opposite his name, is competent.

BILL IN EQUITY, filed in the Superior Court, against Paul Pelland, Josephine P. Pelland, Joseph Martin, and also Henry E. Gaylord, as assignee in insolvency of the estate of said Paul Pelland, alleging the following facts.

The defendant Paul Pelland, to secure payment of his promissory note for $2,450, on or about January 31, 1885, executed and delivered to the Glasgow Company a mortgage of real estate in South Hadley, which was duly recorded.

By a sealed instrument, duly recorded, the Glasgow Company assigned the mortgage to Stephen C. Weld, who, in consideration

of $1,650, assigned the mortgage to the plaintiff, by an instrument under seal and duly recorded, and the plaintiff is now the owner of said mortgage.

On or about January 20, 1886, the defendant Paul Pelland gave to the defendant Martin a second mortgage of the premises, subject to the encumbrance of the mortgage to the Glasgow Company, and Martin is now the owner of such second mortgage.

The defendant Paul Pelland, on or about July 20, 1887, by the intervention of Henry W. Taylor and by deeds duly recorded, conveyed to the defendant Josephine P. Pelland, who since January 31, 1885, had become his wife, one undivided half of the premises, subject to the mortgage given by him to the Glasgow Company, and Josephine P. Pelland is now the owner of such undivided half of the premises.

On or about February 21, 1894, the defendant Henry E. Gaylord was appointed assignee in insolvency of the estate of the defendant Paul Pelland, and as such assignee now holds the right, title, and interest of the defendant Paul Pelland in the mortgaged premises.

When the mortgage so assigned by Weld was delivered to the plaintiff, it was duly sealed, but it has recently been discovered that, by accident or mistake, no seal was affixed to the mortgage at the time it was signed, acknowledged, and delivered by the defendant Paul Pelland.

The several defendants, being all the persons who have had any interest in the premises since the execution of the intended mortgage, have treated the same as a valid and subsisting lien and encumbrance upon the premises, and have received and taken all their rights and interests in the premises with that understanding, and the same ought to be so regarded.

They, however, pretend and claim that no right or title has accrued to the plaintiff under the mortgage, and that it cannot and ought not to be used by him to convey title to the premises according to the power therein contained.

The defendant Martin has commenced proceedings to foreclose the mortgage so given him by the defendant Paul Pelland, with intent effectually to deprive the plaintiff of all right, title, and interest in and to the premises by virtue of the intended mortgage.

The prayer of the bill was that the instrument might be re-formed so as to be the deed of the defendant Paul Pelland; that the seal of Paul Pelland might be affixed thereto with like force and effect as if it had been attached before the delivery of the instrument; that the defendant Martin might be enjoined from proceeding with the foreclosure of his mortgage, and from assigning the same; and that the defendant Josephine P. Pelland might be restrained from conveying, leasing, or in any way transferring the premises or her title thereto; and for other and further relief.

The answer alleged that all the questions involved in this suit had already been determined by a suit in equity between the same parties, in which the present plaintiff was defendant, and the present defendants, except the assignee in insolvency, were plaintiffs; that the last named suit in equity was referred to a master, who, after hearing the parties, found among other things that "the instrument purporting to be a mortgage under which the defendant made his foreclosure sale, and by virtue of which he now claims title, as offered in evidence before me, appears to be properly sealed. But I find as facts under the third amendment to the plaintiff's bill, that at the time this instrument was originally signed, acknowledged, delivered, and recorded, it was not sealed, and that the seal now on it was attached some time after its execution and without the knowledge or consent of Paul Pelland, the only party who signed it, although in the testimonium clause he purports to set his hand and seal thereto; and consequently this instrument could have no effect, either as a conveyance of, or as a power to convey, real estate; that the so called foreclosure sale was a nullity"; that the instrument therein referred to is the same instrument which the plaintiff seeks to have reformed in the present suit; and that a decree for the plaintiffs was entered in the former suit, which recited that the instrument in question was invalid and void, and ineffectual either as a conveyance or as a power to convey the real estate therein described; that "the seal now upon said mortgage was placed thereon after its execution and delivery and without the knowledge or consent of said Pelland"; and that the attempted foreclosure of the same and sale of the real estate thereunder were nullities and void.

An amendment to the answer alleged " that the instrument purporting to be a mortgage, and annexed to the plaintiff's bill of complaint, was materially altered and changed subsequently to its delivery by said Pelland to the Glasgow Company, and without his knowledge, consent, or authorization, and that therefore the plaintiff is not entitled to the relief prayed for in his bill of complaint."

The third amendment to the bill in the former suit, referred to in the quotation from the master's report in the answer to the present bill, contained the following allegation : " The plaintiffs further say that the alleged first mortgage, of which the defendant became assignee, and which he afterwards went through the form of foreclosing, was not a valid mortgage, but was invalid, void, and of no effect, because at its execution and delivery there was no seal upon said mortgage."

At the hearing, before *Dewey*, J., no evidence was introduced upon either side except the pleadings, master's report, and the decree in the former suit.   The plaintiff offered evidence tending to show that it was the intention of Paul Pelland, at the time of the execution of the mortgage, that there should be a seal upon it opposite his name.   To the admission of this evidence the defendants objected, and contended that the decree and master's report in the former case, and the subsequent alteration of the alleged mortgage by affixing a seal thereto, as set forth therein, rendered the offered evidence incompetent and immaterial.

The judge reported the case for the determination of this court, by agreement of the parties.   If the evidence was not competent and material, the bill was to be dismissed ; otherwise, the case was to stand for further hearing.

*R. O. Dwight*, for the plaintiff.

*W. H. Brooks & W. Hamilton*, for the defendants.

ALLEN, J.   If an instrument which requires a seal is by accident or mistake executed without one, a court of equity may grant relief by compelling a seal to be affixed, or otherwise. *Bernard's Township* v. *Stebbins*, 109 U. S. 341, 349.   *Bullock* v. *Whipp*, 15 R. I. 195.   *Conover* v. *Brown*, 4 Dick. 156.   *Lebanon Savings Bank* v. *Hollenbeck*, 29 Minn. 322.   *Springfield Five Cents Savings Bank* v. *Springfield Congregational Society*, 127 Mass. 516.   *Chase* v. *Peck*, 21 N. Y. 581.

The evidence offered, therefore, was clearly competent, unless there was something in the circumstances of the case to deprive the plaintiff of a right to the relief prayed for. The defendants rely on two objections: 1st, that the plaintiff is barred by the former decree; and, 2dly, that after the execution of the mortgage a seal was placed thereon without the knowledge or consent of the mortgagor. But neither of these objections is decisive against the plaintiff.

1. The former decree did not touch the matter of the present suit. It declared that the instrument as executed was invalid and void as a mortgage for want of a seal, and therefore that the proceedings by which it had been sought to foreclose it were also void. The attempted foreclosure was therefore set aside. *Springfield Five Cents Savings Bank* v. *Springfield Congregational Society*, 127 Mass. 516. There was no adjudication upon the question whether the holder of the mortgage was entitled in equity to have it reformed, and the former decree is no bar to the present suit.

2. The decree in the former suit set forth that "the seal now upon said mortgage was placed thereon after its execution and delivery, and without the knowledge or consent of said Pelland," who was the mortgagor. It was not then determined, and does not now appear, who placed it there, or under what circumstances it was so affixed. There is nothing in the bare fact that a seal was thus added which cuts off the plaintiff's right to equitable relief. Cases have often arisen which presented questions of the effect of alterations of different kinds of written instruments under varying circumstances. *Lee* v. *Butler*, 167 Mass. 426. *Church* v. *Fowle*, 142 Mass. 12. *Nickerson* v. *Swett*, 135 Mass. 514. *Holden* v. *Hoyt*, 134 Mass. 181. *Drum* v. *Drum*, 133 Mass. 566. *Greenfield Savings Bank* v. *Stowell*, 123 Mass. 196. *Ames* v. *Colburn*, 11 Gray, 390. *Adams* v. *Frye*, 3 Met. 103. But as the circumstances of the alteration in the present case are as yet purely conjectural, we do not now consider how the plaintiff might be affected by possible facts. It is enough to say that upon the case as it stood the offered evidence was competent, and that according to the terms of the report the case should

*Stand for further hearing.*