Hillsborough, }
 Dec. 3, 1901. }

## QUIMBY *v.* STRAW & *a.*

Where the upper story of a building erected by adjoining owners in accordance ·
with an oral agreement is dependent upon a stairway located on one of the
lots, an owner whose access is cut off by the construction of a party wall
does not have a way of necessity over such stairway unless the necessity
in fact exists and a grant of such way can be implied from a former unity
of ownership of the two estates.

A parol license to use a stairway as a means of access to adjoining premises
is revocable at the option of the licensor and is annulled by the erection of
a party wall which renders such access impossible.

Water-closets placed in a building at the joint expense of adjoining owners
are parts of the realty with which they are connected and the property of
the owner thereof, in the absence of an agreement that they are to be
treated as personalty.

CASE, for obstructing a way; also, ASSUMPSIT, for the income
or use of the plaintiff's undivided interest in certain real estate
fixtures; also, MOTION, for leave to amend by filing a bill in
equity in aid of the action at law. Facts found, and case trans-
ferred from the superior court, by *Wallace*, C. J.

In 1870, the plaintiff's grantor owned a lot of land twenty-five
feet in width on the south side of Hanover street in Manchester,
and the defendants or their grantors owned an adjoining lot
seventy-five feet in width. The owners built a four-story block
covering both lots, having a party wall on the dividing line extend-
ing to the top of the second story. The third story was made
into a hall with anterooms, and the fourth story into a banquet-
hall for use in connection with the hall below. Access to these
stories was had by means of stairways and passageways located in
that portion of the building that was upon the defendants' land.
The first and second stories were used by the respective owners in
severalty, and the third and fourth stories were rented in common,
first to a Masonic body, who occupied them for twenty years, and
then to the Knights of Pythias, who occupied them until May 31,
1895. One quarter of the rent was paid to the plaintiff and his
grantors, and the balance to the defendants. The plaintiff has no
right of way over the stairways and passageways above mentioned
by deed, or by prescription, or in any other way; but they have
been used by the permission or license of the defendants. It did
not appear whether they were constructed at the sole expense of
the defendants, or at the expense of the owners in proportion to
their ownership of the lots.

When the Masons vacated the halls in 1890, the plaintiff and the defendants purchased certain fixtures of them, and expended $553.85 for frescoing and painting and putting in water-closets. The water-closets were in the portion of the building upon the defendants' land. The plaintiff paid one fourth of the sums thus expended, and the defendants three fourths. After the Knights of Pythias vacated the halls they remained unoccupied some six months; and then the defendants, without notice to the plaintiff and against his wishes, erected a wall on their side of and adjacent to the dividing line between the lots, through the third and fourth stories of the building, thereby cutting off the plaintiff's access to the stairways, etc. Under the circumstances it was reasonable for the defendants to terminate in this manner the common use of the third and fourth stories, and to take sole possession of their portion of the same. By the division, the plaintiff acquired a proportionate share of the fixtures purchased of the Masons, and of the frescoing and painting done at the common expense, but lost the benefit of the water-closets, which have been used by the defendants ever since the division and are still in use by them. The water-closets were worth at the time of the division $200, and the use of one undivided quarter part of them was worth five dollars a year. It was found that the plaintiff should not recover one quarter of the $200, nor anything for the use of the water-closets, because the expense of putting them into the building was incurred by the owners for the purpose of renting the halls, with no express or implied agreement that when the common use ceased the defendants should pay the plaintiff anything on account of the closets, or that they should be removed, or should subsequently be owned in common. The general finding was in favor of the defendants, and the plaintiff's motion for leave to amend was denied, both subject to the plaintiff's exception.

*Burnham, Brown & Warren*, for the plaintiff.

*Elijah M. Topliff* and *John P. Bartlett*, for the defendants.

CHASE, J. There are two reasons why the plaintiff had no way of necessity, as claimed by him, over the stairways and passageways in the portion of the building upon the defendants' land: (1) There was no necessity for such a way. The plaintiff's land adjoined a public street on one side, and after the defendants erected the wall in the third and fourth stories of the building the plaintiff constructed stairways in his portion of the building between those stories and the street. (2) There was no grant by an owner of both lots from which the grant of a way of

necessity could be implied. "A way by necessity is founded on an implied grant. When a person grants land to which there is no right of way except over his own land, or retains land which is inaccessible except over the land which he conveys, a right of way is presumed to have been granted or reserved. But without a unity of ownership there will be no way of necessity." *Ellis* v. *Association*, 69 N. H. 385. The oral agreement between the owners of the lots, by which the block was erected according to the plan adopted, was not a grant of land or any interest in land, and so was not a sufficient foundation for the implication of a way of necessity.

An easement of a right of way over the stairways and passage-ways in question could have been acquired by the plaintiff only by grant or by prescription. Wash. Ease. 5, 6, 18, 28. So far as appears, there was no express or implied grant of such an easement. Whether the stairways, etc., were used by the plaintiff and his grantors in a way and for a sufficient length of time to create an easement by prescription, is a question of fact which was decided adversely to the plaintiff in the superior court, and is not here for consideration.

The only right the plaintiff and his grantors had to use the stairways and passageways was that acquired by a parol license from the defendants and their grantors. The license, so far as it was unexecuted, was revocable at the pleasure of the defendants; and they revoked it by erecting the wall in the third and fourth stories of the building. *Houston* v. *Laffee*, 46 N. H. 505; *Dodge* v. *McClintock*, 47 N. H. 383; *Blaisdell* v. *Railroad*, 51 N. H. 483; *Batchelder* v. *Hibbard*, 58 N. H. 269.

The plaintiff has no right to reimbursement of money expended in providing the stairways and passageways, for it does not appear that he expended any.

It is assumed that the water-closets were connected with the building in such a way that they became a part of the realty, unless prevented by an agreement of the owners. The assent of the defendants to the placing of the closets in their portion of the building at the joint expense of themselves and the plaintiff, for the use of their tenants, would not of itself render the closets personal property. To render them personal property it would be necessary that there should be an agreement or understanding that they were to be regarded as such, and that the plaintiff, as one of the joint owners, was to hold an interest in them separate from the real estate. *Caswell* v. *Hill*, 47 N. H. 407, 414. It does not appear that there was any such agreement or understanding, and consequently the closets became the property of the defendants as parts of their real estate.

Without an agreement, the plaintiff cannot recover anything of the defendants on account of his contribution to the expense of putting in the closets. The fact was found in the superior court that there was no agreement of this kind, express or implied. It has not been suggested that the finding was not justified by the evidence before the court.

*Exceptions overruled.*

All concurred.