Carroll,
March 7, 1905.

### HODSDON v. KENNETT & a.

An attempted sale of standing timber by parol has no other effect than to confer upon the vendee a license to enter upon the premises and cut and remove the growth.

A license to enter upon real estate is revocable at the option of the licensor; and acts done upon the land by the licensee after revocation and without other rightful authority render him liable as a trespasser.

A license to enter upon real estate is revoked by the death of one tenant in common and express notice of revocation by his co-tenant.

TRESPASS *quare clausum*. Trial by the court. Transferred from the June term, 1904, of the superior court by *Stone*, J.

About May 20, 1903, John W. Sanborn and the plaintiff were the owners in common of a lumber lot. On that date Sanborn sold the wood and timber thereon to the defendants Kennett and Weeks for $350 and received that sum from them. The plaintiff knew of the sale at the time it was made, but remained silent. Sanborn died in the following July, and on the day of his funeral the plaintiff forbade the defendants cutting any of the wood and timber. At that time the defendants had not begun operations on the lot, though they had made arrangements for clearing it. The value of the wood and timber at the time of the sale was $700. If upon these facts the plaintiff can recover, he should have judgment for $350.

*Frank Weeks*, for the plaintiff.

*Arthur L. Foote*, for the defendants.

WALKER, J. The attempted sale of the wood and timber on the lot by Sanborn to Kennett and Weeks, even if assented to by his co-tenant Hodsdon, had no other effect than to confer upon the vendees a license to enter upon the lot and cut and remove the growth, since the subject-matter of the sale was an interest in real estate, which cannot be conveyed by parol. *Kingsley* v. *Holbrook*, 45 N. H. 313; *Howe* v. *Batchelder*, 49 N. H. 204; *Reid* v. *McQuesten*, 61 N. H. 421; *Dudley* v. *Foote*, 63 N. H. 57; *Lamprey* v. *Eastman*, 68 N. H. 198. Such a license may be revoked at any time; and acts done upon the land by the licensee after revocation, and without other rightful authority, render him liable as a trespasser. *Marston* v. *Gale*, 24 N. H. 176; *Houston* v. *Laffee*, 46 N. H. 505; *Batchelder* v. *Hibbard*, 58 N. H. 269; *Quimby* v. *Straw*,

71 N. H. 160. By the death of Sanborn, whatever authority he gave the licensees to enter upon the land and cut the timber was revoked (*Blaisdell* v. *Railroad*, 51 N. H. 483; *Hallett* v. *Parker*, 68 N. H. 598, 600), and in two or three days thereafter the plaintiff exercised his right of revocation by expressly notifying them not to cut the wood and timber. Their permissive right then ceased, and they became trespassers in reference to their acts subsequently done upon the land. As the case is understood, those acts consisted in clearing the lot, for which the plaintiff seeks to recover. According to the provision of the case, the plaintiff is entitled to judgment for $350.

*Case discharged.*

All concurred.