51  483
68  600
51  483
71  162

BLAISDELL v. PORTSMOUTH, GREAT FALLS & CONWAY RAILROAD.

A license to do certain acts upon land does not convey any interest in the land; it amounts to nothing more than an excuse for acts which would otherwise be trespasses.

Any license pertaining to land may be revoked, so far as it is not executed; otherwise, a mere license might operate to convey an interest in land.

A license to build a railroad upon one's land would excuse any acts properly done under the license while the same was in force, but such license might be revoked at pleasure, as to everything in the future.

Possession held under a license cannot be adverse.

The decease of either party to such a license, or the conveyance by either of the rights affected by the license, operates as a revocation.

TRESPASS, qu. cl., by Emily A. Blaisdell against Portsmouth, Great Falls & Conway Railroad, for building a railroad across the plaintiff's close, April 6, 1865, and using the same to the date of the writ. There were various pleas and replications. The fifth plea was of a license given by one James Brackett, "from, by, through, and under whom the plaintiff derives all her estate," &c.

To this the plaintiff pleaded a new assignment. To the new assignment the defendants pleaded, as to the trespasses newly assigned in a certain part of said close, not guilty.

The second plea to the new assignment is as follows : " And as to the residue of the trespasses above newly assigned, as to the breaking and entering the rest and residue of said close in said plaintiff's declaration mentioned, to wit, that part of said close bounded easterly by land of said Isaac F. Harriman, northerly by Salmon Falls river, westerly by land of Laura A. Marshall, and southerly by said bank wall situate on the southerly side of the tracks of said lines of railway, and all and singular the trespasses above newly assigned and in said plaintiff's declaration, alleged to have been committed therein, the said defendants say that the said plaintiff her action aforesaid thereof against them ought not to have or maintain, because they say that heretofore, to wit, on the thirtieth day of March, A. D. 1848, one James Brackett, then in full life but since deceased, from, by, through, and under whom the plaintiff derives all her supposed estate, claim, right, and title in and to said part of said close, was the owner in fee simple, free from all incumbrances, and in the occupancy and possession of said part of said close, and a certain corporation known as the Great Falls & Conway Railroad, from, by, through, and under whom the said defendants claim title to said part of said close, and all whose estate, claim, right, and title in and to said part of said close has been assigned, transferred, and conveyed to the said defendants, by leave and license of the said James Brackett then and there given and granted,

to wit, at Somersworth aforesaid, broke and entered the said part of said close, and took and appropiated the same to the use and for the purposes of said railroad corporation, and made and constructed thereon a railway with sleepers, iron rails, tracks, side tracks, switches, turn-outs, and other railway appurtenances and conveniences, and placed and operated upon and over said railway thus made and constructed, and upon and over said part of said close, locomotive engines, cars, and other necessary apparatus for running and operating said railway, and transported and conveyed freight and passengers upon and over said railway and said part of said close, and transported, hauled, piled, and laid wood, lumber, timber, and other materials, used about and transported over said railway, upon said part of said close; and the said Great Falls & Conway railroad corporation, their grantees and assigns, and the said defendants ever since, to wit, from said thirtieth day of March, A. D. 1848, aforesaid, to the day of the purchase of the said plaintiff's writ, under and by virtue of said leave and license so granted as aforesaid, have maintained said railway, and used, occupied, and improved said part of said close as and for a railway, and for the purposes of such railway, as they lawfully might for the cause aforesaid; and that the said acts and doings of said Great Falls & Conway railroad corporation, their grantees and assigns, and of the said defendants, are the several supposed trespasses in the said plaintiff's declaration mentioned and above newly assigned; and this they, the said defendants, are ready to verify. Wherefore they pray judgment if the said plaintiff her action aforesaid against them ought to have or maintain, and for their costs."

To this the plaintiff demurred, and the questions of law were reserved.

*Copeland,* for the plaintiff.

*Wells & Eastman,* for the defendants.

SARGENT, J.   The argument of the plaintiff, that no consent to enter upon land for the purpose of building a railroad could be effectual, or of any avail, unless the right to enter by strict compliance with all the requirements of the statute had been acquired, is not well founded.

One man can give to another permission or license to make a railroad or dig a canal on his land, just as well as to make a private way or dig a ditch.

And it matters not whether the party wishing to build or to dig has a charter, or an act of incorporation, or any other authority to do it, or whether he have pursued one course or another previously to obtaining the land-owner's consent or license.

The license which he thus obtains of the land-owner is a sufficient authority for all acts done upon said land within the scope of the license, and will so continue until it is revoked; and nothing more is

needed as a license to justify the building of a railroad on land of another than to build a barn or fence.

The demurrer to this plea of license and the joinder in demurrer raise the question whether the facts set forth in this plea in bar amount to a justification of the alleged trespass complained of.

The plea does not claim any title to the land, or any interest or easement in the soil. The defendants only claim a license from Brackett. But a *license* does not convey any right or estate in the land, and amounts to nothing more than an excuse for an act which would otherwise be a trespass. *Cook* v. *Stearns*, 11 Mass. 537, 538.

If any right or easement in the soil were claimed, then, the law requiring that such right must be by deed, the defendants should have pleaded their deed or other conveyance, so that the court might see whether it was a lawful conveyance of the right or not. *Id.*, 536, 537.

Where no deed is averred, or other instrument in writing, which would convey an interest in land, it is to be presumed that the authority relied on is only by parol, a mere permission or license.

Such parol licenses may be in writing, or verbal; but there is no distinction between the two, if the writing has not the legal requisites to make it a deed or grant of real estate. *Dodge* v. *McClintock*, 47 N. H. 383, was a case of a license in writing, but, not amounting to a deed or grant, was held to be merely by parol. So in this case it makes no difference whether the license was verbal or written,—it is pleaded as a *license*, and not as a *deed;* and therefore we inquire whether, from the facts stated in the plea, such license is an answer to the plaintiff's case ? If the license had been given by this plaintiff to these defendants directly, it would be a good answer to this action of trespass if it had not been revoked, and standing on demurrer would be well enough. But in this case, the plea admits that Brackett, who is alleged to have given the license, is dead, and that the plaintiff holds his estate; and no license is alleged from the plaintiff.

The plea also admits that the party or company, to whom the original license was given, has sold out to these defendants since the alleged license was given, and no license to these defendants, directly, is claimed to have been given by any one. When the title in the land passed from Brackett to this plaintiff, the license which is here pleaded was revoked and terminated, and the assignment of the railroad to these defendants, by those to whom the license was first granted, also terminated the license, as it was a mere personal privilege, and incapable of assignment. *Cowles* v. *Kidder*, 24 N. H. 379, 380.

There can be no prescription or adverse possession in this case: whatever is held under a license cannot be held adversely. *Dodge* v. *McClintock, ante ;*—see, also, *Carleton* v. *Redington*, 21 N. H. 291; *Marston* v. *Gale*, 24 N. H. 176; *Houston* v. *Laffee*, 46 N. H. 507.

*Demurrer sustained.*