OSGOOD *v.* EATON.

The legal title to land, bought and paid for by A, who takes the deed to B, but does not intend it as a gift, vests in A by the statute of uses, and passes by his deed to a third person.

WRIT OF ENTRY. The question was reserved whether evidence offered by the defendant is admissible to show that John B. Eaton (under whom the defendant claims) bought the land, paid for it with his own money, and took the deed to a third person.

*F. B. Osgood* and *Copeland & Edgerly*, for the plaintiff.

*E. A. Hibbard*, for the defendant. Under the statute of uses the *cestui que use* becomes the legal owner of the land in such a case. As the use and the land became now convertible terms, they became liable to dower, courtesy, and escheat. 2 Bl. Com. 333. John B. Eaton obtained "the legal estate. The use was executed in him by the statute." *Upham* v. *Varney*, 15 N. H. 467. "In such cases the statute of uses, which is in force in this state, executes the use, and the legal estate, by force of said statute, vests in the *cestui que use*." *Hayes* v. *Tabor*, 41 N. H. 521, 526. If it is suggested that the equitable title held by the demandant in *Hutchins* v. *Heywood*, 50 N. H. 491, was derived under a levy of an execution against the *cestui que use*, instead of under a conveyance from him, it may be answered that there is no reason .why that circumstance should alter the rule of evidence. There would be no more necessity for equitable proceedings in one case than in the other.

STANLEY, J. The evidence is competent. *Hutchins* v. *Heywood*, 50 N. H. 491.

                                                        *Case discharged.*

CLARK, J., did not sit: the others concurred.