CONVERSE & a. v. NOYES & a.

A resulting trust in land cannot be created by a parol agreement of the parties, but the ownership of the money from the payment of which a resulting trust arises may be shown by parol evidence.

BILL IN EQUITY, brought by the children of Sarah A. Noyes, deceased, intestate, to determine the interest of James F. Noyes, the husband, and of Nellie E. Boyce, a grandchild, of the deceased, in certain real estate to which the deceased held the legal title at her death.   Demurrer to the bill.

*D. F. Dudley*, for Nellie E. Boyce.

*Albin & Martin*, for the plaintiffs.

CLARK, J.   The bill alleges that on the fourth day of December, 1861, the " Shepard farm " in Canterbury was conveyed to Sarah A. Noyes, then Sarah A. Hayward, by a deed of trust, the conditions of which were that said Sarah A. Hayward should hold the premises during her natural life for her sole and separate use, free from the interference of her then husband, William E. Hayward, or of any future husband, and at her decease the title to the premises should vest in her heirs in fee simple.   Her heirs were

the plaintiffs and Nellie E. Boyce. Subsequently Sarah A. Hayward married James F. Noyes. She held the Shepard farm under the declaration of trust until May 10, 1889, when she conveyed her life estate in the property to Orrin J. Randall, and the plaintiffs conveyed their reversionary interest by joining in the deed, for the sum of $2,000; and on June 1, 1889, Almon H. Boyce, the guardian of Nellie E. Boyce, conveyed her reversionary interest to Randall for the sum of $178, which was paid to the guardian. The plaintiffs signed the deed to Randall upon an agreement with their mother, Mrs. Noyes, that the title to the money received by her from the sale of the farm should remain the same as the title to the farm before the conveyance to Randall. On June 12, 1889, the plaintiffs consented that Mrs. Noyes should purchase a lot of land and buildings in Penacook, and pay therefor the sum of fifteen hundred dollars of the money received from Randall for the Shepard farm, upon condition that the title to the Penacook property should be the same as the title to the Shepard farm before the sale to Randall. Mrs. Noyes took the deed of the Penacook property in her own name without mentioning the plaintiffs, paying for it from the Randall money.

James F. Noyes, the husband of Mrs. Noyes, now deceased, claims the use and income of one third of the Penacook property during his lifetime, and has applied to the probate court to have his share set out to him. Almon F. Boyce, the guardian of Nellie E. Boyce, claims that she is entitled to one fifth of the estate as heir of Mrs. Noyes. The plaintiffs claim that it was agreed that Mrs. Noyes should hold the Penacook property as she did the Shepard farm, and that she had only a life estate and her surviving husband has no interest in it, and that Nellie E. Boyce is not entitled to any share because her interest in the Shepard farm was sold by her guardian and she received the pay for it. The plaintiffs claim title to the Penacook property by way of a resulting trust, from the fact that it was bought with the money received from Randall for the Shepard farm.

The parol agreement alleged by the plaintiffs, that the title to the Penacook property should be the same as the title to the Shepard farm before the sale to Randall, is immaterial, because if proved it would be ineffectual. If any trust existed in relation to the Penacook land, it arose by implication of law and not from the agreement of the parties. "No trust concerning lands, excepting such as may arise or result by implication of law, shall be created or declared, unless by an instrument signed by the party creating the same or by his attorney." G. L., c. 135, s. 13. When land conveyed to one person is paid for by or with the money of another, a trust results to the latter which is not within the statute of frauds. The ownership of the money may be shown by parol evidence. *Page* v. *Page*, 8 N. H. 187; *Hall* v. *Congdon*, 56 N. H. 279; *Blodgett* v. *Hildreth*, 103 Mass. 484.

The sale of the Shepard farm to Randall converted the trust estate into money, which was held by Mrs. Noyes subject to the conditions of the trust imposed upon the land. As she had an estate for life in the land, she had an estate. for life in the money received for it; and as money does not belong to that description of property of which the use consists in the consumption, she was entitled to the income or interest only, and the money was the property of the owners of the reversion in the Shepard farm. *French* v. *Hatch*, 28 N. H. 331; *Healey* v. *Toppan*, 45 N. H. 243. As Nellie E. Boyce, by her guardian, sold and conveyed her interest in the Shepard farm and received the pay for it independently of the plaintiffs, she had no interest in the two thousand dollars received by Mrs. Noyes from Randall. That belonged to the plaintiffs, subject to the right of. Mrs. Noyes to the income during her life. With the assent of the plaintiffs Mrs. Noyes purchased the Penacook property with that money, and by reason of the ownership of the money a trust resulted in favor of the plaintiffs, and upon the facts stated in the bill they are the owners of the property.

*Demurrer overruled.*

BLODGETT, J., did not sit: the others concurred.