Grafton,
June, 1896.

HALLETT, *Adm'r, & a. v.* PARKER.

One entitled by contract to a conveyance of land and buildings may maintain an action for specific performance, although the buildings are in the meantime destroyed by fire.

If the obligor in a bond to convey lands exchanges them for other lands, he holds the premises so acquired in trust for the obligee, and, as against him, he cannot lawfully incumber them.

BILL IN EQUITY, by H. K. Hallett, administrator of the estate of George Farr, and Eliza C. Farr, praying that the defendant be required to convey to the plaintiffs the Oak Hill House. Facts found by the court.

February 7, 1894, the property, consisting of a hotel and land, subject to incumbrances, belonged to George Farr and the estate of John B. Jarvis, deceased. On that day it was sold at public auction and bought by the defendant, to whom a deed was delivered. On the same day (March 7) he delivered to George Farr and Eliza C. Farr, his wife, his bond in which he agreed to convey the property to them by a good and sufficient deed upon the payment by them, within two years from February 7, of the amount of the incumbrances and interest, and permit them to occupy the premises for their own use in the meanwhile. In the spring of 1894, and after March 7, Parker and Farr and wife conveyed to the Littleton Village District a small portion of the land described in the bond, and the district in consideration thereof conveyed land to Parker by Farr's direction. It was verbally agreed by Parker and Farr that the last named land should be held by Parker subject to the same terms as the land described in the bond.

In the fall of 1894, before any of the incumbrances were paid, Parker put down an aqueduct from his springs on the hill back of the Oak Hill House to his greenhouse. A tap was inserted in the aqueduct on the premises, by means of which a pipe could be attached and water conducted to the hotel. Parker laid the aqueduct, with the verbal assent of George Farr, across a portion of the Oak Hill House estate and the land conveyed to him by the Littleton Village District. To the laying of the aqueduct on this estate Eliza C. Farr did not assent, and she had no knowledge of it until long afterward. March 10, 1895, George Farr died. March 25, 1895, the Oak Hill House was burned, and afterward the personal property was sold by the administrator. With the avails and the insurance money on the house, all incumbrances were fully paid within the two years. No part of the

premiums for the insurance was paid by Mrs. Farr. The personal property belonging to George Farr's estate is not sufficient to pay the debts.

The defendant is willing and offers to convey the property to the plaintiffs, subject to a right upon his part to maintain upon it his aqueduct. The plaintiffs decline to accept such a conveyance, and claim that they are entitled to the land free from the incumbrance of the aqueduct. The defendant sets up the statute of frauds against the plaintiffs' claim to a conveyance of the land derived from the Littleton Village District. The plaintiffs had leave to amend their bill by setting up a title to that land under a resulting trust.

*Bingham, Mitchell & Batchellor* and *Drew, Jordan & Buckley*, for the plaintiffs.

*George H. Bingham*, for the defendant.

WALLACE, J. The defendant claims (1) that the plaintiffs are not entitled to the specific performance of the agreement to convey the land in question, and (2) that if the plaintiffs are entitled to a conveyance of the land, they must take it subject to a right on his part to maintain upon it his aqueduct. It is urged by the defendant that by the loss of the buildings by fire, which falls on him (*Wilson* v. *Clark*, 60 N. H. 352), he is released from the performance of his contract. But if the plaintiffs perform the conditions of the bond,— pay the defendant all they agreed to pay him,— the loss falls on them and not on the defendant. To the facts in this case, *Wilson* v. *Clark* has no application. The plaintiffs do not ask to be relieved from the contract because the buildings are destroyed, but they are willing to take the premises as they are, and have fully performed their part of the contract. It is not equitable that the defendant should be relieved from the contract on this account after he has received and retained the full benefits of it.

When the vendor is unable to fully perform his contract on account of " any deficiency in the title, quantity, quality, description, or other matters touching the estate," although his inability may be a good ground for relieving the vendee from the performance of his contract, it furnishes no reason for relieving the vendor where the vendee elects to proceed with the purchase. He has the right to the specific enforcement of the contract so far as it can be performed. 1 Sto. Eq. Jur. (12th ed.), *s.* 779; 3 Pom. Eq. Jur. (2d. ed.), *s.* 1405, note.

Both parties have waived all objection on this ground to the carrying out of the contract, the plaintiffs by paying the full amount due, and the defendant by accepting the same. By the

acceptance of the price of the premises according to the contract, the defendant is estopped from raising this objection to the specific performance of the contract.

If the plaintiffs cannot compel the specific performance of the defendant's agreement to hold the land received in exchange from the district subject to the same terms as the bond because it was not in writing, yet the land received from the district being purchased by land of the plaintiffs' given in exchange for it,— in other words, being paid for by them,— a resulting trust arises in their favor, and the defendant holds the land in trust for them. *Page* v. *Page*, 8 N. H. 187; *Tebbets* v. *Tilton*, 31 N. H. 273, 283; *Osgood* v. *Eaton*, 62 N. H. 512; *Converse* v. *Noyes*, 66 N. H. 570.

The plaintiffs are entitled under the agreement to a conveyance from the defendant of the land described in the bond, and under the resulting trust to a conveyance of the land received in exchange from the district.

The defendant claims that his conveyance should be subject to a right to maintain his aqueduct. The fact that the title of the land was in the defendant when the aqueduct was laid does not give him a legal right to maintain it there, as against the plaintiffs. His title was subject to the plaintiffs' right to a conveyance of the premises without restriction or incumbrance. He could not subject the estate to any servitude or incumbrance in favor of himself or others against the plaintiffs.

George and Eliza Farr were tenants in common of the interest in the land arising from the defendant's agreement to convey to them upon the payment of the stipulated sum within a certain time. George verbally assented to the laying of the aqueduct by the defendant over the premises, but Eliza did not assent or, in fact, know of the aqueduct until after it was laid. This amounted to a parol license to lay the aqueduct on the premises so far as George was concerned, but not as regards the interest of Eliza. The license was revokable at any time by the licensor and was in fact revoked by George's death. *Blaisdell* v. *Railroad*, 51 N. H. 483. Such a license has not the force of a conveyance of a permanent easement in real estate, as it must necessarily have if the defendant's position is upheld. *Houston* v. *Laffee*, 46 N. H. 505; *Batchelder* v. *Hibbard*, 58 N. H. 269. The plaintiffs are entitled to a conveyance free from the incumbrance of the aqueduct.

*Case discharged.*

CARPENTER, C. J., did not sit: the others concurred.