FRANCIS G. LODGE & another, trustees, *vs.* INHABITANTS OF SWAMPSCOTT.

Essex.   November 7, 1913. — December 13, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DE COURCY, JJ.

*Deed,* Construction.   *Equitable Restriction. Easement. Tax,* Assessment, Abatement.   *Practice, Civil,* Hearing by judge without jury: alternative findings.   *Superior Court. Words,* "Liability."

The owner of a tract of land conveyed a part of it to one grantee and the rest to another. Each deed contained a provision that "no structure of any kind shall be erected on" a certain area, described by metes and bounds, a part of which was included in the land described in one deed and a part in that described in the other deed. The grantor and one of the grantees died, such grantee having devised his land to a trustee. *Held,* that the provision in the deed to such grantee constituted a valid restriction for the benefit of the two estates, and not a restriction for the merely personal benefit of the grantor, so that it

was an incumbrance on the land in the hands of the trustee. *Whether* the restriction was to be enforced as a condition through an action in the name of the heirs of the grantor, or in equity as an equitable restriction on each estate for the benefit of the other, was not decided.

If, by reason of a provision in a deed of land prohibiting the erection of any structure upon a certain portion of the land, the fair cash value of the entire estate is diminished, the land should be assessed for taxation at such diminished value, irrespective of the manner in which or the persons by whom such provision should be enforced.

In that portion of St. 1913, c. 716, § 2, which provides in substance that, when any question of law, upon which the determination of a question in dispute at the trial of an issue of fact in any civil action or proceeding depends, arises at a trial before a judge without a jury, the judge " by his own findings " may "ascertain so far as is practicable all the facts both as to liability and damages necessary on any theory of the law to enable the court to make the proper final disposition of the case, unless in the opinion of the court such a course is inexpedient under the circumstances of the case, " the word "liability" includes the judgment which may be rendered against a city or town for the amount of a tax ordered to be abated in a proceeding in the Superior Court under St. 1909, c. 490, Part I, § 77, and therefore the judge who hears such a case may make alternative findings.

MORTON, J. This is an appeal pursuant to the provisions of St. 1909, c. 490, Part I, from the decision of the assessors of the town of Swampscott refusing to abate a tax upon certain land and buildings of the petitioners situated in said town.

The case was sent to a commissioner,* as it is provided in the statute may be done, and on the coming in of his report was heard by the court upon the report and other evidence introduced by the parties. The judge † ordered an abatement in the alternative and the case is here on exceptions by the respondent to the refusal of the judge to give certain rulings requested by it, and to the power of the judge to make a finding in the alternative. ‡

---

* Harry R. Dow, Esquire.

† *McLaughlin,* J.

‡ This finding was made on August 8, 1913, and was as follows:

"Upon all the evidence I am satisfied and find that by reason of this restriction the fair cash value of the land is substantially diminished.

"If there was no such incumbrance I should fix the value of the land at $110,000. As it is, in view of the restriction I find the fair cash value of the land to be $95,000 and that of the buildings $5000.

"Complainants therefore are granted abatement accordingly, and judgment should be entered for them in the sum of $672 with interest from September 28, 1912, this being the amount which is in excess of the amount of the tax

The principal question in the case relates to the effect of a restriction contained in the deed under which, through their testator,* one Giles H. Lodge, the petitioners claim title to the premises in question. The restriction follows the description of the premises conveyed, and is in these words: "That no structure of any kind shall be erected on the high land or ridge in front of the estate of G. H. Lodge or J. L. Little included between Roberts road so called and the said Lodge Avenue on two sides and the flat back of said Little barn on third side. The open space so restricted is included within the following lines, viz.:" Then follow the boundary lines.

It appeared that the premises in question were conveyed to Giles H. Lodge the petitioners' testator, by one George Foster Williams, and formed a part of a larger tract of land conveyed to Williams by one Boyce, trustee under the will of Jonathan Phillips. The remainder of the tract so conveyed to Williams by Boyce was conveyed by Williams to one James L. Little by a deed simultaneous with that by Williams to Lodge. The judge found and ruled that "The deeds from Williams to Lodge and to Little each contained a provision that no structure of any kind should be erected on a certain described area (the description being the same in each deed) four acres of which area were included in the tract conveyed to Lodge and a portion of it in the tract conveyed to Little. Whether these provisions were intended to be for the benefit reciprocally of the Little and Lodge estates, and therefore reciprocally enforceable, or whether they were to be considered merely as conditions the breach of which could be availed of only by the heirs of Williams (now deceased), I rule that this language in the deed to Lodge constitutes a valid and existing incumbrance."

which would have been assessed upon the estate of the complainants had their estate been valued in the sum of $100,000.

"If there were no incumbrance judgment should be entered for the complainants in the sum of $432 and interest from September 28, 1912, being the amount which is in excess of the amount of the tax which would have been assessed upon the complainants had their estate been valued in the sum of $115,000.

"Respondents' requests for rulings, so far as they are inconsistent with the rulings made, are refused."

* The petitioners were trustees under the will of Giles H. Lodge.

We think that this ruling was right. There is nothing that shows that the restriction was intended for the personal benefit of Williams, as the respondent asked the judge to rule that it was. It seems plain to us on the contrary that the restriction was intended for the benefit of the two estates; whether to be enforced as a condition through an action in the name of Williams or his heirs, or in equity as creating an equitable easement in each estate for the benefit of the other, it is not necessary now to decide. See *Peck* v. *Conway*, 119 Mass. 546;-*Hogan* v. *Barry*, 143 Mass. 538; *Childs* v. *Boston & Maine Railroad*, 213 Mass. 91.

We also think that the ruling requested by the respondent that the restriction if valid did not affect the value of the land for the purpose of taxation was rightly refused. The dominant intention of the statute is that property shall for the purpose of taxation be assessed at its fair cash value considered with reference to all the uses to which it may be put by any owner. *Troy Cotton & Woolen Manuf. Co.* v. *Fall River*, 167 Mass. 517, 523. *Tremont & Suffolk Mills* v. *Lowell*, 163 Mass. 283. In the present case the judge found as a fact that "by reason of this restriction the fair cash value of the land is substantially diminished," and went on to find the value of the land without and subject to the incumbrance and to fix the amounts for which the tax should be abated accordingly, — being, in case there was no incumbrance, $432 and interest from September 28, 1912, and in case the restriction constituted an incumbrance, $672 and interest from September 28, 1912.

To assess this property without regard to the restriction would (in view of the finding by the judge) be to assess it for an amount in excess of its fair cash value and in violation of the statute. No doubt assessors cannot be compelled to inquire into all the details affecting the title to property, but when their attention is duly called to matters relating to its value they are bound to pay proper regard to them.

We likewise think that the court had power to make alternative findings. Whatever question, if any, there may have been before St. 1913, c. 716, § 2, as to the existence of such a power, there can be none, it seems to us, since the passage of that statute. The statute expressly provides that "When any such question of law [meaning such question of law as is previously defined in

the section] shall arise in a trial, the judge shall, by leaving appropriate questions to the jury, or by his own findings where the trial is without a jury, ascertain so far as is practicable all the facts both as to liability and damages necessary on any theory of the law to enable the court to make the proper final disposition of the case, unless," etc. The alternative findings enabled the court to dispose finally of the case according to any theory of the law and therefore came directly within the scope of the statute. The judgment which may be rendered against a city or town for the amount ordered to be abated may be properly spoken of as a "liability."

It follows from what we have said that judgment should be entered in favor of the petitioners for the larger sum, viz., $672 with interest from September 28, 1912.

*So ordered.*

The case was submitted on briefs.

*S. Parsons & H. A. Bowen,* for the respondent.
*A. F. Hayden & G. D. Burrage,* for the petitioners.