Strafford, Dec. 5, 1939. } No. 3123.

G. LEROY GOWEN *v.* LEROY SWAIN & a.

*Hughes & Burns (Mr. Hughes* orally), for the plaintiff.

*Cooper & Hall* and *William A. Grimes (Mr. Grimes* orally), for the defendants.

Marble, J. The plaintiff filed sixty requests for findings of fact and rulings of law. Many of these requests are virtual motions for a directed verdict. All requests of this nature and all exceptions to specific findings are disposed of by the conclusion here reached that all the master's findings, both general and special, are fully sustained by the evidence.

Numerous other requests call for the reporting of evidence rather than facts (see P. L., *c.* 339, *s.* 11) and for the finding of facts which would be inconclusive on any issue. Failure to grant such requests furnishes no valid ground of exception. *Moynihan* v. *Brennan,* 77 N. H. 273, 274; *Roberts* v. *Company,* 78 N. H. 491, 493; *Nichols* v. *Fernald,* 82 N. H. 186, 188.

Several requests relate to the burden of proof, the plaintiff's contention being that the defendant was obliged to show by evidence of a "clear and affirmative nature" that "the use of the way was not consented to."

It is true that the defendant, having asserted a prescriptive right, was required to prove its existence by a balance of probabilities. 2 Tiffany, Real Prop. (2d *ed.*), 519, *pp.* 2045, 2046; *Burnham* v.

*McQuesten,* 48 N. H. 446; *Taylor* v. *Gerrish,* 59 N. H. 569, 571. But evidence of acts of such a character as to warrant the inference that he and his predecessors in title had used the way as of right for a period of twenty years or more constituted *prima facie* proof. *Jean* v. *Arsenault,* 85 N. H. 72, 73. It then became necessary for the plaintiff "to come forward with evidence" that those acts were, in fact, permitted. *Barber* v. *Bailey,* 86 Vt. 219, 223. For "where an actual, uninterrupted use and enjoyment, as of right, with knowledge of the other party, is shown to have existed a sufficient length of time to create the presumption of a grant, the presumption stands as sufficient proof and establishes the grant, unless it is rebutted by proof that the use and enjoyment were permissive." *Smith* v. *Putnam,* 62 N. H. 369, 372. Notwithstanding this presumption, however, "the character of the use remains a question of fact, unless the proof and inferences are all one way, . . . and the burden of proof remains on the defendant." *Barber* v. *Bailey, supra,* 224.

The plaintiff here fails because there is no evidence from which it could reasonably be inferred that the use made of his field, so far as the defendant or any of his predecessors in title are concerned, was commenced or continued with the leave and license of the owner. In other words, the defendant's uninterrupted use of the roadway for thirty-six years was "unexplained." *Jean* v. *Arsenault,* 85 N. H. 72, 75; *Taylor* v. *Gerrish,* 59 N. H. 569, 571. Since this is so, the fact that the master may have understood that the plaintiff assumed the risk of non-persuasion on the issue of permissive use is of no consequence.

The plaintiff's suggestion that color of title "is an essential element in the defense here set up" is clearly erroneous. "The purpose of color of title is twofold: first, to show that possession of part is taken under claim of title to the whole; second, to define the boundaries of the tract covered by the claim." 3 Washburn, Real Prop. (6th ed.), s. 1981. See, also, *Dame* v. *Fernald,* 86 N. H. 468.

But the plaintiff further contends that even if a valid right of way existed on October 5, 1935, it was extinguished on that date by the tax collector's deed to his grantor.

While it has been said that "No title can pass by a collector's deed under the statute, but an estate in fee-simple" (*Smith* v. *Messer,* 17 N. H. 420, 428), and that one who receives a collector's deed acquires title to the land "devested of all other liens thereon or titles thereto" (*Eastman* v. *Thayer,* 60 N. H. 408, 418), neither of the cases cited holds that easements are extinguished by such a

conveyance. The one relates to a right of dower, the other to a mortgage.

Although the authorities are not uniform on the subject (see Annotations, 40 A. L. R. 1523; 110 A. L. R. 612), "Ordinarily, a tax sale does not divest easements charged on the property sold." 3 Cooley, Taxation (4th *ed.*), *s*. 1494. See, also, note to "Recent Cases," 51 Harv. Law Rev., 361, 362.

Selectmen in this State are required to appraise all taxable property "at its full and true value in money." P. L., *c*. 63, *s*. 1. In determining this value no deduction is made for mortgages, liens, rights of dower, and similar interests. Apart from statute (see P. L., *c*. 66, *s*. 25), those holding such interests "are delinquent if the taxes are not seasonably paid." See *Smith* v. *Messer, supra*. But an easement is not a lien, nor is it a title to or interest in real estate in the sense in which those terms are applied to mortgages and dower rights. It is rather a servitude imposed upon the land, sometimes said to be "carved out" of the servient estate. *Jackson* v. *Smith*, 138 N. Y. Supp. 654, 656; *Crawford* v. *Senosky*, 128 Or. 229, 233. See, also, *Bellows Falls &c. Co.* v. *Walpole*, 76 N. H. 384. Its existence lessens the value of that estate and increases the value of the dominant tenement.

Presumably assessors take into account this effect of easements on value in making their appraisals. See *Lodge* v. *Swampscott*, 216 Mass. 260, 263; *Ehren &c. Co.* v. *Association*, 120 N. J. Eq. 136. And if, acting in ignorance of the existence of an easement, they overvalue the servient estate, the mistake is correctible by abatement proceedings unless circumstances exist which render abatement inequitable (*Bellows Falls &c. Co.* v. *Walpole*, 76 N. H. 384).

"John Doe is the owner of a house and lot. He conveys an easement to his neighbor, Richard Roe. He mortgages the property to a local bank. He executes a ten-year lease to John Doe, Jr. at the rental of one dollar a year. Then assessment time arrives, and he finds himself assessed on the full value of the land. He prepares a petition in abatement, setting forth that the three acts have greatly lessened the value of his property. His petition will be denied as to the lease and the mortgage, but may be granted as to the easement. It is well settled at common law and rarely changed by statute, that the mortgagor and the lessor pay the entire tax on the property as if there were no mortgage or lease, and that the life tenant pays the entire tax just as if there were no remainderman. But it has also been held that a landowner whose property is subject to an easement

is entitled to a reduced valuation, the value of the easement being added to the estate of the dominant owner. When a piece of property is so encumbered with easements that no use can be made of it, the fee owner pays no tax." Bonbright, "Valuation of Real Estate," 34 Columbia Law Rev., 1397, 1435, 1436.

Section 2 of chapter 63 of the Public Laws, which provides for the separate assessment of "distinct interests" in real estate, does not, in our opinion, apply to easements appurtenant to land. See Black, Tax Titles (2d *ed.*), *s.* 104. As originally enacted, the section reads: "Whenever it shall be made to appear to the selectmen that several persons are owners of several interests in the same real estate, or that one person is the owner of land and another is the owner of any building, timber or wood standing thereon, they shall, upon request, appraise such several interests and assess the same to the several owners thereof separately." R. S., *c.* 42, *s.* 2. That the words "several interests" are of narrow application is evidenced by the fact that an amendment was deemed necessary in order to include within the provisions of the statute the owners of ores and minerals. Laws 1852, *c.* 1291. The fact that in 1867 the words "distinct interests" were substituted for "several interests" (G. S., *c.* 52, *s.* 2) is unimportant since the marginal notation in the Commissioners' Report of that year (*c.* 53, *s.* 2) indicates a verbal rather than a material change.

Neither the case of *Granite State Land Co.* v. *Hampton,* 76 N. H. 1, nor the case of *Bellows Falls &c. Co.* v. *Walpole,* 76 N. H. 384, holds that the statute has reference to a right such as that here claimed. It is our conclusion that the plaintiff's grantor took the land subject to the right of way.

The master's finding that the defendant was not damaged by the temporary injunction was made in 1937. Since the injunction is still in force, the defendant is entitled to a hearing on the question of damages before the Superior Court.

*Plaintiff's exceptions overruled:*
*defendant's exception sustained.*

All concurred.