## MASHPEE WAMPANOAG INDIAN TRIBAL COUNCIL, INC. *vs.* BOARD OF ASSESSORS OF MASHPEE.

Suffolk.  November 7, 1979. — January 7, 1980.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & ABRAMS, JJ.

*Value.  Taxation,* Real estate tax: abatement.

The Appellate Tax Board erred in determining as matter of law that a parcel of land owned by an Indian tribal council had no fair cash value because restrictions in the deed effectively precluded the council from selling the land.  [421-422]

APPEAL from a decision of the Appellate Tax Board.

*Joseph J. Reardon* for the defendant.

*Thomas N. Tureen* for the plaintiff.

WILKINS, J.  The Appellate Tax Board (board) determined that a parcel of land owned by the Mashpee Wampanoag Indian Tribal Council, Inc. (council), had no fair cash value because of restrictions contained in the deed by which the council acquired the parcel from the town of Mashpee.  The assessors have appealed.  We rule that the deed restrictions do not compel a determination as a matter of law that the parcel has no value.  We reverse the board's decision and remand the proceedings for further consideration.

On May 28, 1975, pursuant to town meeting authorization and for a consideration of $500, the town conveyed the premises to the council, a Massachusetts charitable corporation, "for the use of the grantee as common land for tribal purposes."  The grant further conditioned the use of the premises by the council to charitable purposes.  The deed also provided that the conveyance "shall become void in the event said premises are subdivided, cease to be used by said grantee for said purposes, or in the event of the dissolution of the grantee."  In the event of any one of these conditions occurring, "title shall thereupon revest in the grantor."

We reject the council's argument that, because it cannot effectively convey the premises to any other person or entity and can only use the premises for its purposes, the premises can have no assessed value. The issue here is not whether the parcel is exempt from taxation because the council is a charitable entity. The board did not reach that issue, which will be open for consideration in further proceedings before the board. The question is whether, as a matter of law, the land can have no "fair cash valuation" (G. L. c. 59, § 38) because of the deed restrictions.

Obviously, in light of the deed restrictions, the premises cannot be assessed by the consideration of fair cash value in terms of the highest price that a willing purchaser, not under peculiar compulsion, would pay to a willing seller who also is not under compulsion. However, the fact that land is not saleable does not mean it must have no "fair cash value." *Beale* v. *Boston,* 166 Mass. 53, 55 (1896).[1] In tax cases where there is no right, in the ordinary sense, to sell the assessed property, "the words 'fair cash value' must be given a somewhat more elastic significance" than normally attributed to them. *Massachusetts Gen. Hosp.* v. *Belmont,* 233 Mass. 190, 208 (1919). If fair cash value cannot be ascertained by reference to sales of comparable property, it is proper to determine fair cash value from the intrinsic value of the property, including "any and all the uses to which the property is adapted in the hands of any owner." *Tremont & Suffolk Mills* v. *Lowell,* 163 Mass. 283, 285 (1895). See *Newton Girl Scout Council, Inc.* v. *Massachusetts Turnpike Auth.,* 335 Mass. 189, 195-196, 200 (1956); *Boston Gas. Co.* v. *Assessors of Boston,* 334 Mass. 549, 566 (1956); *Tigar* v. *Mystic River Bridge Auth.,* 329 Mass. 514, 517-518 (1952); *Massachusetts Gen. Hosp.* v. *Belmont,*

---

[1] The standard of "fair cash value" used in tax assessment cases is ordinarily the same as that used to fix damages for a taking by eminent domain. *Assessors of Quincy* v. *Boston Consol. Gas. Co.,* 309 Mass. 60, 63 (1941). However, in some circumstances property might have a different value for tax purposes from that for eminent domain purposes. See *Massachusetts Gen. Hosp.* v. *Belmont,* 233 Mass. 190, 207 (1919).

*supra.* Of course, the existence of restrictions on the use of property may reduce its value below that which would be appropriate in the absence of such restrictions. *Lodge* v. *Swampscott,* 216 Mass. 260, 263 (1913) (deed restriction against building any structure on certain land reduces its fair cash value).

The board must consider the fair cash value of the land in light of the views expressed in this opinion. It may be that the council can prove that the land in fact has no value. It may be that, passing this issue, the council can establish that it is entitled to a charitable exemption. In any event, it does not follow, as a matter of law, that the deed restrictions render the land valueless.

The board's order determining that the council's parcel has no value is reversed, and the proceedings are remanded to the board.

*So ordered.*