Hillsborough
No. 79-444

## FRANCES P. ARNOLD

### v.

## THURSTON V. WILLIAMS

May 7, 1981

*Brighton, Fernald, Taft & Hampsey,* of Peterborough (*Silas Little, III,* on the brief and orally), for the plaintiff.

*McLane, Graf, Raulerson & Middleton,* of Manchester (*Robert A. Wells & a.* on the brief and *Mr. Wells* orally), for the defendant.

PER CURIAM.   The defendant asserts that he has a right to use a section of road that runs across the plaintiff's property as either a public road established by prescription or a private right of way established by prescription. The master found that the defendant did not prove that he had such a right. Because it is not clear from the master's report that he used the correct rules of law in deciding that issue, we remand the case for redetermination of the question.

In 1961 the defendant, Thurston V. Williams, purchased a parcel of land in Francestown. Since that time he has entered his property by a road that runs westerly from Old County Road for 800 feet across the land of the plaintiff, Frances P. Arnold. On Sep-

tember 9, 1977, the plaintiff brought a petition to quiet title and to enjoin the defendant from crossing her land. The defendant maintained that he had a right to cross the plaintiff's property because the road was either a public road established by prescription or a private right of way established by prescription. After a hearing that included a view, the Master (*Frank B. Clancy*, Esq.) concluded that the defendant had not proved his case and recommended that the defendant be permanently enjoined from crossing the plaintiff's land. The Superior Court (*Contas*, J.) entered a decree in accordance with the master's recommendations. The defendant appealed.

For the defendant to establish that he had acquired a prescriptive easement over the plaintiff's land, he had to prove "by a *balance of probabilities* twenty years' adverse, continuous, uninterrupted use of the land . . . [claimed] in such a manner as to give notice to the record owner that an adverse claim was being made to it." (Emphasis added.) *Page v. Downs*, 115 N.H. 373, 374, 341 A.2d 767, 768 (1975); *Gowen v. Swain*, 90 N.H. 383, 385–86, 10 A.2d 249, 251 (1939). The defendant charges that the master erred by requiring him to prove his prescriptive right by "clear and convincing" evidence when the proper standard is "balance of probabilities." The master's report does, indeed, contain inconsistent statements that raise a question of which standard he applied. In his prefatory recitation of the facts, the master wrote, "[W]here too little direct proof is furnished and inferences from indirect proof are too remote in logic, it cannot be presumed the proof was *clear and convincing. Gagnon v. Pronovost*, 97 N.H. 58, 63 and 64 (1951)." (Emphasis added.) Later, in the section entitled "Findings and Rulings," the master set out the correct "balance of probabilities" standard: "[The] defendant must show, *by the balance of probabilities*, the open, continuous, exclusive, adverse and notorious use of the premises by the public for a period of twenty (20) years, in order to establish a public way by prescription. *Gowen v. Swain*, 90 N.H. 383 (1939)." (Emphasis added.) The master then correctly applied that standard to the facts: "[I]t does not appear, *upon the balance of probabilities*, that the testimony of witnesses as to their observation of the use of this road by the public was either certain as to its location or conclusive as to the public's use thereof under a claim to have the right to use the road in question." (Emphasis added.) Finally, the master specifically granted the plaintiff's request for a ruling of law: "While the Plaintiff Arnold has the burden of going forward, the Defendant Williams has the burden of proving *by clear and convincing evidence* a private right of way

by deed or by prescription or a public right of way by prescription." (Emphasis added.)

■■ The correct standard of proof for a prescriptive right is "balance of probabilities." *Gowen v. Swain*, 90 N.H. at 385–86, 10 A.2d at 251. Because it is not clear from the master's report whether he applied that standard or the stricter "clear and convincing" standard, we remand the case for the master to consider the evidence using the proper standard.

■■ The defendant also alleges error in a statement in the master's report that the testimony of the witnesses was not "conclusive as to the public's use thereof under a *claim to have the right to use* the road in question." (Emphasis added.) From that statement, the defendant concludes that the master required him to prove a claim of right as an element of his case. A claim of right is not an element of proof of a prescriptive right. *See Page v. Downs*, 115 N.H. at 374, 341 A.2d at 768; *Gowen v. Swain*, 90 N.H. at 385–86, 10 A.2d at 251. Although the master set out the correct rule before he made that statement, it is not clear from his report whether that statement is a misapplication of the law or careless use of language. Accordingly, we remand the case for the master to consider the evidence using the correct rule of law.

*Remanded.*