Grafton
No. 81-177

## WATERVILLE ESTATES ASSOCIATION

v.

## TOWN OF CAMPTON

June 9, 1982

*Moulton, Smith, Samaha & Vaughan,* of Littleton (*Stephen U Samaha* on the brief and orally), for the plaintiff.

*Sanders and McDermott P.A.,* of Hampton (*Edward J. McDer mott* on the brief and orally), for the defendant.

*Daniel D. Crean,* of Concord, by brief and orally, for New Hampshire Municipal Association, as amicus curiae.

BOIS, J.  The defendant town appeals from a Superior Cour (*Johnson,* J.) decision to abate the plaintiff's real estate taxes for 1979. We affirm.

The plaintiff, a nonprofit homeowners' association, was estab lished by the developer of Waterville Estates, a condominium development in Campton. It consists of all of the owners in Water ville Estates and holds title to several parcels of real estate, known as the common property, in the defendant town. These parcels which are the subject of the immediate dispute, contain various recreational facilities, including a community center, an indoor swimming pool, a ski lift, a ski lodge, and other buildings. By

virtue of a declaration entitled "Waterville Estates Revised Property Restrictions, Easements and Covenants," which was recorded by the developer of Waterville Estates, each owner in the condominium development has a right, in the nature of an equitable servitude, to use the common property. In addition, each owner's deed expressly includes "[a]n exclusive easement . . . as defined and described in the declaration," entitling the owner to use the common property. While the declaration provides that the homeowners' rights "shall run with the land . . . and shall remain in effect for the maximum legal period," it allows for the revocation of such rights upon an affirmative vote of two-thirds of the plaintiff's members.

In 1979, the defendant town assessed the common property for tax purposes at a valuation of $76,000. The plaintiff disputed the valuation and brought a petition in superior court for an abatement. It claimed that the homeowners' rights effectively restricted the use of the common property and that the real estate therefore did not have a value for tax purposes. The trial court agreed with the plaintiff and ordered an abatement of the assessed valuation to $100. The defendant then initiated this appeal.

The specific amount of the abatement and the sufficiency of the evidence are not in issue on this appeal. The only question which the defendant town raises is whether the trial court erred in treating the homeowners' rights as easements. The defendant readily admits that the fair market value of real property is diminished to the extent that such property is encumbered with easements. *See Gowen v. Swain*, 90 N.H. 383, 387, 10 A.2d 249, 252 (1939). It argues, however, that the homeowners' rights, which were revocable upon an affirmative vote of two-thirds of the homeowners, were not easements appurtenant, as the trial court found, but rather licenses, which generally do not diminish the fair market value of real estate.

An easement is a nonpossessory interest in realty which can only be created by prescription, written conveyance, or implication. RESTATEMENT OF THE LAW OF PROPERTY §§ 450, 457, 467, 474, at 2901, 2923, 2953, 2972 (1944). An easement appurtenant is established for the benefit of the owner of a dominant parcel of land and entitles that landowner to a limited use or enjoyment of the servient parcel. *Burcky v. Knowles*, 120 N.H. 244, 247, 413 A.2d 585, 587 (1980); 3 R. POWELL, REAL PROPERTY § 405, at 34-8 to -9 and 34-19 to -20 (1981). The easement appurtenant runs with

the land and is inheritable. *See Burcky v. Knowles*, 120 N.H. at 247, 413 A.2d at 587; *Duchesnaye v. Silva*, 118 N.H. 728, 734, 394 A.2d 59, 62 (1978). Although it may be released or abandoned by the owner of the dominant estate, 3 R. POWELL, *supra* § 421, at 34-237, the easement appurtenant is not terminable at the will of the owner of the servient estate. RESTATEMENT OF THE LAW OF PROPERTY § 450, at 2901 (1944).

██ A license, on the other hand, is a transient or imperманent interest which does not constitute an "interest in land." *See Houston v. Laffee*, 46 N.H. 505, 507 (1866); 2 G. THOMPSON, REAL PROPERTY § 316, at 17 (1980); 3 H. TIFFANY, THE LAW OF REAL PROPERTY § 829, at 401 & n.2 (3d ed. 1939). *But see* RESTATEMENT OF THE LAW OF PROPERTY § 512 & comment c., at 3115–16 (1944). It may be created orally and is merely a revocable personal privilege to perform an act on another individual's property. *See Blaisdell v. Railroad*, 51 N.H. 483, 484–85 (1871); 3 R. POWELL, *supra* § 428, at 34-293; 2 G. THOMPSON, *supra* § 316, at 17. As such, it terminates when the licensee attempts to assign his rights, *see Cowles v. Kidder*, 24 N.H. 364, 379 (1852); 3 R. POWELL, *supra* § 428, at 34-296 to -297, or when the licensor dies or conveys the servient estate. *See Hallett v. Parker*, 68 N.H. 598, 600, 39 A. 433, 435 (1896); 3 R. POWELL, *supra* § 428, at 34-295 to -296.

In this case, the homeowners' rights were more than an ephemeral interest; they severely burdened the use of the common property. Although the rights were revocable upon a two-thirds affirmative vote of the homeowners, and therefore did not fall within the strict definition of easements, they resembled easements appurtenant in numerous respects. First, they were established in written instruments and permitted a limited use of the common property. Next, they were created to serve the residents of Waterville Estates—the owners of the dominant parcels. In addition, subject to the provisions for revocation, the rights were intended to run with the land and would terminate neither upon the death of the grantor nor upon the conveyance of the servient estates.

██ The provisions for revocation, moreover, allowed for termination only upon a two-thirds vote of the homeowners, who were also the holders of the rights. Thus the provisions essentially permitted the owners of the dominant estate to release their rights and, as previously mentioned, this procedure is a commonly accepted means for terminating an easement. Given these circumstances, especially the high percentage of owners needed to release the restrictions on the servient estate, we hold that the interest in

the common area is sufficiently akin to an easement so as to justify the abatement of the plaintiff's taxes for 1979.

*Affirmed.*

BATCHELDER, J., did not sit; the others concurred.