Belknap
No. 84-116

LOCKE LAKE COLONY ASSOCIATION, INC.

v.

TOWN OF BARNSTEAD

February 21, 1985

*Murphy, McLaughlin & Hemeon P.A.*, of Laconia (*Matthew J. Lahey* on the brief and orally), for the plaintiff.

*Burns, Bryant, Hinchey, Cox & Shea P.A.*, of Dover (*Anthony A. McManus* on the brief and orally), for the defendant.

DOUGLAS, J.   The sole issue in this real estate tax abatement case is whether the master erred in finding that certain real property owned by the plaintiff, Locke Lake Colony Association, Inc., in the town of Barnstead, was so encumbered with easements that it had no taxable value, and that plaintiff therefore was entitled to an abatement of real estate taxes for the years in question. We affirm the master's ruling.

The plaintiff, a non-profit corporation composed of Locke Lake Colony property owners, holds title to certain property within Locke Lake Colony, a homeowners' development located in the defendant town. The property consists of approximately 35 separate parcels of real estate which are known as common property and include a manmade lake, a community lodge, a golf course, a ski slope, a marina, ball fields, tennis courts, beaches, swimming pools and other recreational areas.

The town assessed property taxes on the plaintiff's property for the years 1981, 1982 and 1983. The plaintiff petitioned for a tax abatement for each year, arguing that the property was so encumbered with easements that it had no value for tax purposes. The plaintiff cited *Waterville Estates Assoc. v. Town of Campton*, 122 N.H. 506, 446 A.2d 1167 (1982), as authority for its position. The plaintiff also claimed that the tax assessed against its property was disproportionate and amounted to double taxation.

The case was referred to a Master (*Robert A. Carignan*, Esq.), who ruled that the plaintiff's claims of disproportionate and double taxation were not supported by the evidence. The master also ruled, however, that the instant case was indistinguishable from *Water-*

*ville Estates.* Because he found that each of the approximately 976 Locke Lake Colony property owners had an interest in the nature of an easement in the common property, he determined that the plaintiff's property had no taxable value. The master recommended a tax abatement for the years in question. The Superior Court (*Murphy,* J.) approved the master's recommendation, and the town appealed.

The principal question raised on appeal is whether the master erred in relying on *Waterville Estates* in ruling that the plaintiff's property had no value for tax purposes. The town contends that our decision in that case was a narrow one, and that, because the facts of the instant case are distinguishable from the facts underlying our decision in *Waterville Estates,* the case is not controlling in the case at bar.

■ We begin our analysis by noting that under RSA 75:1 (Supp. 1983) all taxable property must be appraised at "its full and true value." The "value of real property is diminished to the extent that such property is encumbered with easements." *Waterville Estates,* 122 N.H. at 508, 446 A.2d at 1168. Consequently, "[w]hen a piece of property is so encumbered with easements that no use can be made of it, the fee owner pays no tax." *Gowen v. Swain,* 90 N.H. 383, 388, 10 A.2d 249, 252 (1939).

In *Waterville Estates,* we considered whether certain property was so encumbered with easements that it had no taxable value. In that case, the plaintiff, an association of property owners, held title to common property within a condominium development. *Waterville Estates,* 122 N.H. at 507, 446 A.2d at 1168. Each condominium owner's deed included an easement entitling the owner to the use of the common property. *Id.* at 508, 446 A.2d at 1168. Although the condominium owner's rights were deemed to run with the land, revocation of such rights, upon an affirmative vote of two-thirds of the plaintiff's members, was permitted. *Id.* The town argued in that case that, because the condominium owner's rights were revocable, the deeds conveyed licenses, which did not diminish the value of the land. *Id.* After examining the characteristics of both licenses and easements, we concluded "that the interest in the common area [was] sufficiently akin to an easement so as to justify the abatement of the plaintiff's taxes . . . ." *Waterville Estates,* 122 N.H. at 509–10, 446 A.2d at 1169.

We now turn to the town's claim that the facts of the instant case differ from those in *Waterville Estates* in several significant respects. The town first argues that, unlike the *Waterville Estates* deeds, the Locke Lake Colony deeds do not expressly convey "an exclusive easement." It is the town's position that the deeds convey a

license, a revocable personal privilege to perform an act on another's property.

■■ The Locke Lake Colony deeds provide, in pertinent part: "Also conveyed herewith are beach privileges, and the right to use, in common with others, the recreational facilities . . . ." This instrument is patently ambiguous in that we cannot determine, on its face, whether it conveys a license or an easement. Assuming all formal requirements are satisfied, the intent of the parties is what determines whether an "interest" in land is a license or an easement. 2 G. THOMPSON, REAL PROPERTY § 316, at 16 (Grimes repl. 1980); see Ouellette v. Butler, 125 N.H. 184, 187, 480 A.2d 76, 79–80 (1984). In the case of an ambiguous instrument, the intent of the parties may be derived by reference to extrinsic evidence and the circumstances surrounding the conveyance. Id.

The plaintiff was established by the developer of Locke Lake Colony, the Locke Development Corp., to own, acquire and maintain common properties in Locke Lake Colony. The articles of incorporation state that "[t]he interest of the members of the Association are as stated in the By-Laws . . . ." Moreover, the deed from Locke Development Corp. to the plaintiff provides: "This conveyance is to include all rights, obligations and powers set forth in the . . . By-Laws of the Locke Lake Colony Association." The by-laws themselves provide as follows: "Every Owner shall have an easement of use and enjoyment, in common with others, in and to the Common Property and such easement shall be appurtenant to and shall pass with the title to every Lot . . . ." Clearly, these instruments, taken together, establish an intent to convey an easement, rather than a license.

Furthermore, as the town candidly admits, the common property is an integral part of Locke Lake Colony and enhances the value of the individual lots. The existence and availability of the common property is the major attraction to purchasers of Locke Lake Colony lots. Use of the property was "clearly intended to help persuade [lot owners] to make a major purchase of real estate, and this is inconsistent with an intent to create a revocable interest." Ouellette v. Butler, supra at 189, 480 A.2d at 80.

■ Accordingly, we conclude, after examining the record and the circumstances and formalities surrounding the conveyance, that it was the intent of the parties that the property owners' rights be in the nature of an easement, and we therefore interpret the language of the instruments to convey such an interest.

The town next claims that, because the Locke Lake Colony by-laws allow decisions which would include the sale or rental of the

common property to be made by as few as ten percent of the membership, this is not a case of revocation of an easement by "the high percentage of owners" considered by this court to be vital to its decision in *Waterville Estates. See Waterville Estates*, 122 N.H. at 509–10, 446 A.2d at 1169.

In *Waterville Estates,* the condominium owners' rights were revocable upon an affirmative vote of two-thirds of the homeowners. *Waterville Estates*, 122 N.H. at 508, 446 A.2d at 1168. Nevertheless, reasoning that "the provisions essentially permitted the owners of the dominant estate to release their rights . . . , [which] is a commonly accepted method for terminating an easement . . . . [and] [g]iven the circumstances, especially the high percentage of owners needed to release the restrictions on the servient estate," we held that the interest in the common areas was akin to an easement. *Id.* at 509–10, 446 A.2d at 1169.

Even if ten percent of the association's members could vote to sell or rent the property, such sale or rental would be subject to the property owners' easements. *See* 2 G. THOMPSON, REAL Property § 433, § 434 (Grimes repl. 1980) (subsequent purchasers would be charged with notice of easement, and thus take subject to it). Hence, we are concerned here only with the question whether the *interest* itself is a revocable one, and, therefore, by definition not an easement.

■ Unlike *Waterville Estates*, in the instant case, none of the pertinent instruments specifically allow for the revocation of the easements. As previously mentioned, the by-laws state that the Locke Lake Colony property owners have an easement appurtenant in the common property. The by-laws further provide that they may be amended by a two-thirds vote of the members voting—the owners of the dominant estates. Accordingly, even if we assume that an amendment to the by-laws would be sufficient to revoke the easements, the revocable character of the interest in the instant case is no different from that in *Waterville Estates*.

The substance of the town's next argument is that the interest conveyed cannot be construed as an easement because it does not run with the land. The basis for the defendant's assertion is that the by-laws permit the association to suspend the use of the common areas for non-payment of assessments and for infractions of rules. The town maintains that these provisions render the interest one akin to a club membership, not an easement.

The usual framework for a homeowners' association is that the association holds title to the common property and grants easements in the use and enjoyment of the common property to the individual

homeowners. The easements are subject to the association's right to suspend the use of the common properties for failure to pay certain assessments. 4A POWELL ON REAL PROPERTY ¶ 630.3 [1] (1982).

In the instant case, the Locke Lake Colony lot owners have been granted an easement entitling them to the use and enjoyment of the common property. Accompanying ownership of a lot is the right to membership in the Locke Lake Colony Association, which holds title to the common property. *Accord Tentindo v. Locke Lake Colony Ass'n*, 120 N.H. 593, 419 A.2d 1097 (1980). As association members, the owners are subject to certain assessments and association rules. *See id.*

■ This scheme cannot be considered akin to a club membership because: (1) membership is provided for in documents of title affecting the land; (2) the membership is not discretionary with the association; and (3) a member cannot resign at will and thereby avoid liability for future assessments. *See* 4A POWELL ON REAL PROPERTY ¶ 630.2, at 760.6 (1982).

Furthermore, the association reserved the right "to suspend the *exercise* of [t]he easement" for failure to pay assessments and for infractions of rules. As stated above, this is a common provision in a homeowners' association. Clearly, that language does not reserve to the association the right to revoke the easement. In fact, the additional by-law provision that the obligation "to pay such assessment . . . shall remain [the owner's] personal obligation and shall not pass to his successors in title" indicates that, despite the suspension of the personal exercise of rights, the easement shall run with the land.

■ The town's claim that the result in *Waterville Estates* will encourage taxpayers to create homeowners' associations as vehicles to avoid the payment of taxes on valuable property, and thereby deprive municipalities of tax revenues, is without merit. Municipalities will not lose significant tax revenues in cases such as the one before us, because, although "a landowner whose property is subject to an easement is entitled to a reduced valuation, the value of the easement [is] added to the estate of the dominant owner." *Gowen v. Swain*, 90 N.H. 383, 387–88, 10 A.2d 249, 252 (1939). "Presumably assessors take into account this effect of easements on value in making their appraisals." *Id.* at 387, 10 A.2d at 252.

■■ After a review of the record, we conclude that the plaintiff met its burden of establishing, by a preponderance of the evidence, that the Locke Lake Colony homeowners' interests were in the nature of easements. *See Martinonis v. Town of Kingston*, 124 N.H. 304, 306, 469 A.2d 1332, 1333 (1983). The interests were created in

written documents; they were established for the benefit of the homeowners (the owners of the dominant parcels), and entitled the homeowners to the use of the common property (the servient parcels); they are not revocable at the will of the association (the owner of the servient estate); and they were intended to run with the land. *See Waterville Estates, supra* at 509, 446 A.2d at 1169. Accordingly, we conclude that the master correctly determined that the property was so encumbered with easements that it had no taxable value, and we hold, therefore, that the plaintiff is entitled to an abatement of real estate taxes for the years in question.

*Affirmed.*

All concurred.