Municipal Court of Keene, } No. 3721.
June 1, 1948.

VERNE C. SWAN

*v.*

EILEEN M. BILL, *individually and as administratrix of the estate of*
John R. Monahan.

*Robert W. Upton* and *Howard B. Lane* (*Mr. Lane* orally), for the plaintiff.

*Roy M. Pickard* (by brief and orally), for the defendant.

JOHNSTON, J. The usual rule is that a lease for a term of years descends as personal estate. *Brewster* v. *Hill*, 1 N. H. 350. To accomplish this it is not necessary that the lease include the words "to the heirs, administrators or assigns of the lessee" or similar phraseology. The lease does not terminate upon the death of the lessee unless there is express provision to that effect or the terms are so personal that they can apply to the lessee only. 32 Am. Jur. 81.

For the purpose of the present case, it may be assumed, without deciding, that the covenant "that he will not lease or underlet, nor permit any other person or persons to occupy the same" is one against assignment without the consent of the lessor. *Upton* v. *Hosmer*, 70 N. H. 493.

"A transfer by operation of law is not, in the absence of an express stipulation in that regard, within a provision against assignment, unless it is procured by the tenant merely for the purpose of avoiding the restriction." 1 Tiffany, Landlord and Tenant 929. This principle that an involuntary assignment or one by operation of law is not within the prohibition of the ordinary covenant against assignment without the consent of the lessor was applied in the case of *Young* v. *Voudomas*, 84 N. H. 180, in favor of an assignee of a lessee's trustee in bankruptcy. The landlord urged that although the lease for the original term might pass to the assignee, the right to renew could not. It was held that there was no violation of any covenant and that accordingly the assignee could exercise the privilege of renewing the lease. In this case the assignment by operation of law included not only the transfer to the trustee in bankruptcy but also the assignment by the latter. To give effect to an involuntary assignment, it is necessary that there go with it the privilege of disposing of the lease.

In *Squire* v. *Learned*, 196 Mass. 134, it was decided that a covenant against assignment did not bar the transmission of the leasehold on the death of the lessee from the executor to himself as trustee. "It is admitted in all the cases that the transmission of the lessee's interest to the administrator of his estate is not a breach of the covenant not to assign. The fact that where the lessee dies intestate there is no voluntary act on his part would be decisive of that if there

were no other reason. In such a case the transfer is by operation of law alone." *Id.*, 136. The plaintiff Swan points out that in the Massachusetts case the lease was to the lessee and his "personal representatives" and that the covenant not to assign was binding on the lessee "or others having his estate in the premises." However, as indicated earlier in this opinion, a lease need not run to a lessee's representatives in order that the estate may pass to them at the lessee's death; and the covenant in the lease before us does not purport to bind the lessee's representatives.

In *Francis* v. *Ferguson*, 246 N. Y. 516, the lower court had from wording similar to that in the Massachusetts case concluded that a covenant against assignment was binding upon executors and that they could not dispose of such an asset of the estate. There the lease contained a covenant against assignment and it was agreed at the end that the covenant should be binding "on the parties hereto and their legal representatives." The court in reversing the lower tribunal said: "The judgment below proceeds upon a misconception of the effect of the final clause of the lease. It expresses merely what the law presumes in the absence of such a clause. 'It is a presumption of law, in the absence of express words, that the parties to a contract intend to bind not only themselves, but their personal representatives.' *Kernochan* v. *Murray*, 111 N. Y. 306, 308." *Supra*, 518. Further language of the court is as follows: "An ordinary covenant against assignment does not bind the executors of the tenant and is not broken by a transfer of the leased premises by operation of law . . . The covenant may, however, be so drawn as expressly to prohibit such a transfer. To accomplish such a prohibition in case of a devolution to executors, the language must be 'very special'. . . . Such covenants are construed 'with the utmost jealousy.' " It was held that the executors not only had the capacity to take the leasehold but also to dispose of it.

In the instant case the lease contains no language extending the privileges or the obligations to personal representatives of the lessee. Accordingly the general principle applies that a covenant against assignment, if any, is not binding on the personal representatives of the lessee. In other words the leasehold passes by operation of law to them and may be assigned by them. The law is well stated in 32 Am. Jur. 302. "The transfer of a leasehold estate, upon the death of the lessee, to his personal representative is by operation of law, and is in all cases admitted not to be a breach of a general covenant restricting the assignment of the leasehold estate. Also, according to the

generally accepted view, a sale of the leasehold in the course of administration will not constitute a breach of a covenant restricting assignments, unless the covenant by its express terms is to be binding on the personal representatives of the lessee; but where the lease expressly makes the covenant binding on the personal representatives, any transfer by the representatives is a violation of the covenant."

The plaintiff also contends that the administratrix was without right to renew the lease because she had no authority to continue the business of the decedent. The record does not disclose whether the defendant is holding the lease as administratrix or as sole distributee of the estate. Nor does it appear what authority the defendant administratrix had or did not have under the laws of Massachusetts to continue the business of John R. Monahan. By comity, in the absence of the appointment of an ancillary administrator in this state, a foreign administrator may collect the assets of the estate located here when there is no prejudice to local interests. *Ghilain* v. *Couture*, 84 N. H. 48; *Upton* v. *White*, 92 N. H. 221. In taking possession of the leasehold, exercising the option and defending her title in the present action she has done no more so far as these actions are concerned. If she had disposed of the leasehold to herself as distributee, she had the right so to do on the authorities. On the other hand, if she contemplates operating the business of the bowling alleys as administratrix and to the extent that she has operated them as incidental to collecting the assets, interested parties may question the propriety of and her responsibility for this in the domiciliary probate court that appointed her. That issue is not involved in the present suit. If there is need, any creditor may petition for ancillary administration in this state. *Keenan* v. *Tonry*, 91 N. H. 220.

The plaintiff admits in argument that the administratrix acquired the balance of the original term of the lease but denies her right to exercise the option. If she acquired the remainder of the original term, she took with it all the rights and the privileges. If the term of the lease did not descend to her, then of course she would not have the right of the option to renew.

*Judgment for the defendant.*

All concurred.