Request of House of Representatives,
No. 6264.

OPINION OF THE JUSTICES.

June 11, 1971.

The following resolution was adopted by the House of Representatives May 19, 1971 and filed in this court on May 20, 1971:

"WHEREAS, Constitutional Amendment — Concurrent Resolution No. 22, amending the constitution to provide specifically that corporations are subject to taxation, is pending before the New Hampshire House; and

"WHEREAS, The question has arisen as to whether such a constitutional amendment is required to permit the general court validly to amend the business profits tax, RSA 77-A, to the effect that only corporate business entities shall be subject to taxation thereunder;

"Now, Therefore, Be It Resolved, That the justices of the supreme court be respectfully requested to give their opinion upon the following question of law:

"Is it necessary that specific allowance for taxation of corporations be inserted by amendment to the constitution before the enactment of any constitutionally valid law providing for the taxation exclusively of corporate business profits?

"Be It Further Resolved that the speaker transmit seven copies of this resolution and of Constitutional Amendment — Concurrent Resolution No. 22 to the clerk of the supreme court for consideration by said court. "

The following answer was returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court reply as follows to the inquiry contained in your resolution adopted May 19, 1971, and filed with this court on May 20, 1971, with respect to the necessity for a constitutional amendment in order to permit

valid restriction of RSA ch. 77-A ( supp. ), the business profits tax, to the profits of corporate businesses only. Specifically, you inquire: "Is it necessary that specific allowance for taxation of corporations be inserted by amendment to the constitution before the enactment of any constitutionally valid law providing for the taxation exclusively of corporate business profits?"

Although your resolution makes reference to CACR No. 22, your inquiry is understood to pose no particular issue with respect to the proposed constitutional amendment, but rather to present the narrow question of whether some appropriate constitutional amendment is required before the business profits tax can validly be imposed exclusively upon the income of corporations.

In an advisory opinion recently returned with respect to House Bill No. 383, we expressed the view that a personal income tax upon the gross income of individuals, exclusive of taxable business profits, could validly be imposed coincidentally with the business profits tax ( RSA ch. 77-A ( supp. )) but at a different rate, since the latter tax is in the nature of·a net income tax applicable to individuals and corporations alike. *Opinion of the Justices*, 111 N.H. 136, 276 A.2d 821 ( 1971 ).

Previously in *Opinion of the Justices*, 106 N.H. 202, 208 A.2d 458 ( 1965 ) we had occasion to refer to the long established principle that property, but not taxpayers, may constitutionally be classified as taxable or nontaxable. *Id.* at 205-06, 208 A.2d at 460-61, citing *Opinion of the Justices*, 84 N.H. 559, 569, 149 A. 321, 326 ( 1930 ). We there stated at page 206: "We have said that a tax imposed on corporations, while allowing individuals engaged in like businesses or vocations to go free, is unconstitutional"; citing *Opinion of the Justices*, 82 N.H. 561, 138 A. 284 ( 1927 ), in which the subject was fully discussed at pages 564-66, 138 A. at 286-87. In the latter opinion, advising that a proposed plan of taxation ( HB No. 180 ) was unconstitutional, the justices said: "Broadly speaking, a tax cannot be imposed upon a corporation which would not be upon an individual similarly circumstanced." *Id.* at 564, 138 A. at 286. "Singling out corporations, and taxing them upon privileges, while permitting other holders of like privileges to go tax free, is a discrimination not permitted by the constitution." *Id.* at 565, 138 A. at 287.

Again, in *Havens* v. *Attorney-General,* 91 N.H. 115, 118, 14 A.2d 636, 638 ( 1940 ), in upholding the constitutionality of the tax upon tobacco products sold at retail, the court quoted from

preclude taxation of the same income twice, while the credit provided by RSA 77-A:5( IV ) is not required for this purpose. Like railroads and telephone and telegraph companies, the taxpayers entitled to credit under subsections I, II, III are also subject to a general property tax based upon ownership. *See* RSA ch. 72.

In returning this opinion, as we have previously indicated, it is not within our province to determine the fairness, feasibility or wisdom of the proposed amendment. We have previously indicated that the credit presently allowed by section 5( IV ) of the Business Profits Tax statute would not violate the Constitution. *Opinion of the Justices*, 110 N.H. 117, 122, 262 A.2d 290, 294 ( 1970 ). We now advise you that in our opinion the statute would be constitutional with or without the credit provided by subsection IV.

Chief Justice *Kenison* asks to be excused from expressing his views for reasons which might be thought to disqualify him. *See Opinion of the Justices*, 99 N.H. 536, 540, 114 A.2d 801, 804 ( 1955 ); *Opinion of the Justices*, 111 N.H. 131, 276 A.2d 817, 820 ( 1971 ).

LAURENCE I. DUNCAN.
EDWARD J. LAMPRON.
ROBERT F. GRIFFITH.

June 28, 1971.

*Charles F. Leahy*, Esq., on behalf of Governor Walter Peterson, for affirmative answer.

*Lawton B. Chandler*, Commissioner, State Tax Commission, for affirmative answer.

*Arthur A. Greene, Jr.,* Esq., of McLane, Carleton, Graf, Greene & Brown, on behalf of New England Telephone & Telegraph Co., for negative answer.