Grafton
No. 7670

LIN–WOOD DEVELOPMENT CORPORATION & a.

v.

TOWN OF LINCOLN

September 30, 1977

*Cooper, Hall & Walker*, of Rochester, and *Peter A. Handy* (*Mr. Handy* orally), for plaintiffs.

*Upton, Sanders & Smith*, of Concord, and *Robert Upton II* (*Mr. Upton II* orally), for the defendant.

LAMPRON, J. Appeals to the superior court pursuant to RSA 76:17 from the denial by the selectmen of the town of Lincoln of abatements of real estate taxes for the years 1970 through 1975

assessed under RSA 72:6 to the plaintiffs Lin-Wood Development Corporation and Loon Mountain Recreation Corporation. The Trial Court (*Johnson, J.*), on an agreed statement of facts and certain exhibits, transferred to this court two issues of law.

The plaintiffs have waived the second transferred question pertaining to the taxability of three buildings owned by them and situated on land leased from the National Forest Service and which is a part of their ski area operation. The sole transferred question to be resolved on these appeals is the following: "Are the ski lift facilities owned by the Petitioners and situated in part on land leased by the Petitioners from the National Forest Service taxable in the tax years in question?" Our answer is "Yes" for the reasons which follow herein.

This court held in *King Ridge, Inc. v. Sutton*, 115 N.H. 294, 299, 340 A.2d 106, 110 (1975), that the ski lift facilities on the land owned by plaintiff therein were so "intimately intertwined with the primary use of the land itself" that they were taxable in their entirety as real estate under RSA 72:6. Plaintiffs herein maintain that *King Ridge* was wrongly decided, or that, at the very least, its holding should not be extended to this case.

It is agreed by the plaintiffs and the defendant town that the ski area herein involved and its facilities are located one-third on land owned in fee by the plaintiffs and two-thirds on land leased to them under a special use permit from the National Forest Service. This permit authorizes the plaintiffs to construct, operate, and maintain ski lifts and tows, ski trails and slopes, and other facilities and improvements for year-round outdoor recreation. Title to these improvements, buildings and structures is to be in the plaintiffs who are to remove them in case the lease is terminated.

Plaintiffs first attack the validity of the decision in *King Ridge*. Their brief is devoted, for the most part, to the statutory history of RSA 72:6 starting from 1842 to date. That section reads as follows: "All real estate . . . shall be taxed except as otherwise provided." Plaintiffs conclude from their analysis that the term "real estate" in that statute is interchangeable with and means "land." After consideration of their argument we do not find that it compels the rejection of our holding in *King Ridge* and we adhere to our prior decision.

In that event, plaintiffs ask us to distinguish the instant case from *King Ridge* on the main ground that, unlike the latter, the ski equipment and operations are not located and conducted on land

entirely owned in fee by them. In other words, plaintiffs argue that because two-thirds of the land involved is owned by the United States and merely leased to them it cannot be taxed as "land" to plaintiffs under RSA 72:6. It follows, they maintain, that the ski facilities located on the leased portion of the land cannot be taxed to them as part of their "real estate" under RSA 72:6 which is limited to "land" which they own in fee.

This court held in *Piper v. Meredith,* 83 N.H. 107, 109, 139 A. 294, 295 (1927), that for "the purposes of taxation, it is immaterial who is the ultimate owner of the fee. Title is not the test of taxability." In *King Ridge, Inc. v. Sutton,* 115 N.H. 294, 299, 340 A.2d 106, 110 (1975), the fact that the taxpayer owned in fee all the land on which the ski facilities were located does not alter our conclusion regarding the taxability of the facilities in the present case. In both cases the taxpayers are in possession and actual occupancy of the premises and clearly have all the benefits of ownership in their use of producing income therefrom. *See* RSA 73:10; RSA 80:18.

Under the terms of their special use permit from the National Forest Service, plaintiffs have title to all the improvements, buildings and structures erected on the leased land. It is the intertwining of the use of the lifts and accessories with the primary use of the land occupied which renders the lift facilities taxable, not the nature of the title to the land itself. We hold that plaintiffs' ski facilities situated in part on land leased from the National Forest Service are taxable in the years in question. The answer to the transferred question relating thereto, which is the sole issue on these appeals, is "Yes".

*Plaintiffs' appeals dismissed.*

GRIMES, J., did not sit; the others concurred.