Rockingham
No. 7837

## INDIAN HEAD NATIONAL BANK OF PORTSMOUTH

### v.

### CITY OF PORTSMOUTH

November 16, 1977

*Shaines, Madrigan & McEachern,* of Portsmouth *(Mr. Gregory D. Robbins* orally), for the plaintiff.

*Peter J. Loughlin,* city solicitor of Portsmouth, by brief and orally, for the defendant city of Portsmouth.

PER CURIAM. Petition for declaratory judgment and injunctive relief whereby the plaintiff seeks to have the taxation of its building and leasehold interest in land at Pease Air Force Base declared illegal and unconstitutional. The case was submitted to the court on an agreed statement of facts and was reserved and transferred without ruling by *Goode*, J.

The sole question before us is whether a municipality may tax land, and a building built thereon, to a private party leasing from an instrumentality of the federal government.

Briefly, the facts are as follows: Plaintiff entered into a lease agreement with the Secretary of the United States Air Force for the purpose of erecting and operating a branch bank at the military installation in defendant city. It is noted that at the end of the leasehold term (fifteen years subject to a ten-year extension) title to all improvements would vest in the United States (at its option) without any compensation to the lessee. Construction was completed; the land and building appraised in the sums of $29,500 and $116,500, respectively; and a tax of $6,424 assessed. As scheduled, but under protest, the plaintiff paid one-half of the taxes and then refused to pay the balance when it became due.

Plaintiff's contention that the building is not taxable is foreclosed by our holding in *Lin-Wood Development Corp. v. Lincoln*, 117 N.H. 709, 378 A.2d 741 (1977).

Although under federal law and the terms of the lease the leasehold interest in the land might be subject to taxation, there is no authority in this state for the taxation of ordinary leasehold interests. In this state, taxation must be authorized by statute. *King Ridge, Inc. v. Sutton*, 115 N.H. 294, 299, 340 A.2d 106, 109–110 (1975); *Verney Corporation v. Peterborough*, 104 N.H. 368, 371–372; 188 A.2d 50, 53–54 (1963). Only real estate has been made subject to tax under RSA 72:6. Leaseholds for a term of years are considered personalty and not taxable to the lessee. *Gowen v. Swain*, 90 N.H. 383, 10 A.2d 249 (1939). *Swan v. Bill*, 95 N.H. 158, 59 A.2d 346 (1948); *see Piper v. Meredith*, 83 N.H. 107, 139 A. 294 (1927). Although leaseholds in perpetuity may be taxed as real estate, *Piper v. Meredith supra*, no such lease exists in this case. We conclude therefore that the leasehold interest may not be taxed to the plaintiff in this case.

■ We also hold, as the city properly argues, that plaintiff's claim of over-valuation of the property, advanced only in its brief and on oral argument, should have been raised in a petition for abatement of the taxes imposed and not by a proceeding for declaratory judgment and injunctive relief.

■ We conclude that under the facts of the instant case only the building in issue is properly taxable.

*Plaintiff's appeal reversed in part*
*and sustained in part.*

LAMPRON, J., did not participate in the decision of this case; BOIS, J., dissents in part.

BOIS, J., dissenting in part. I respectfully dissent from that part of the opinion that holds the leasehold interest in the land to be not taxable.

Generally, "[i]n the absence of a contrary agreement, and in the absence of 'over-balancing considerations,' the mere relationship of landlord and tenant ordinarily gives rise to no duty requiring the lessee to pay real-estate taxes or assessments levied against the leased property." Annot., 86 A.L.R.2d 670, 675 (1962) (footnotes omitted).

However, "[t]he common-law rule of an implied covenant in a lease that the lessor shall pay all taxes and assessments on the leased premises has been held inapplicable to a lease of public lands from the state, and there is also authority that in the case of a perpetual lease, such as a 99-year lease renewable forever, the general rule that the landlord is responsible for the taxes has no application, the tenant in such case being in effect the virtual owner of the property, so that for purposes of taxation the mere legal title remaining in the landlord will be disregarded." Annot., 54 A.L.R.3d 402, 514 (1974); *see Piper v. Meredith,* 83 N.H. 107, 139 A. 294 (1927).

In the present case, where the lessor is not taxed but the premises, by lease, are put to private use, it would be unfair to similarly situated taxpayers, of private lessors, to totally immunize the land from taxation.

"When an interest in land, whether freehold or for years, is severed from the public domain and put into private hands, the natural implication is that it goes there with the ordinary incidents

of private property, and therefore is subject to being taxed." *Trimble v. Seattle*, 231 U.S. 683, 690 (1914); *accord* Annot., 54 A.L.R.3d 402, 515 (1974). There is nothing in federal law that contravenes such a holding. In fact, 10 U.S.C. § 2667(e), the statutory authority for the lease between the plaintiff and the Air Force, provides that: "The interest of a lessee of property leased under this section may be taxed by State or local governments." The lease itself provides for the payment of taxes by the lessee if imposed.