Board of Tax and Land Appeals
No. 85-458

APPEAL OF NEW ENGLAND MARKETING ASSOCIATES, INC. & a.
(New Hampshire Board of Tax and Land Appeals)

December 5, 1986

*Marcus Hurn*, of Concord, by brief and orally, for the taxpayers New England Marketing Associates, Inc., and The Village at Winnepesaukee Timeshare Owners Association.

*Wescott, Millham & Dyer*, of Laconia (*Peter V. Millham* on the brief and orally), for the taxpayer The Summit at Four Seasons.

*Decker, Fitzgerald & Sessler*, of Laconia (*James N. Sessler* on the brief and orally), for the City of Laconia.

BROCK, C.J.   This is an appeal from a decision of the New Hampshire Board of Tax and Land Appeals (the board) brought pursuant to RSA 76:16-a, V (Supp. 1985), denying the taxpayers' requests for abatements of the property taxes assessed for the tax years 1982 and 1983. *Inter alia*, the taxpayers argue that the board erred in permitting cumulative, separate assessments of fractional interests (unit weeks) in condominium units. We agree and therefore reverse and remand.

The taxpayers are owners of vacation time-sharing packages in resort developments in Laconia. Each of the developments involved in this appeal began with the establishment of condominium units pursuant to the New Hampshire Condominium Act, RSA chapter 356-B. The owners of the time-share interests paid a gross price for their packages, and in return received a fractional interest in a con-

dominium unit, appliances, and furniture, plus the benefits of management and exchange contracts.

Prior to 1982, the city assessed and taxed the subject properties in the same manner as conventional wholly-owned condominiums. The cost less depreciation method of determining fair market value was used. In 1982 the city reassessed those units from which at least one time-share interval had been sold, applying the market approach to fair market value using comparable time-share interval sales. The city first determined the average or typical value of each of the fractional interests (unit weeks), looking at both the initial sales from the original developer to the first buyer, and the resales from the first buyer to a subsequent buyer. The city then multiplied this value by fifty weeks. (As a general matter, two weeks a year are set aside for repair and maintenance.) Because of the high start-up marketing costs, high financial costs, high risk factor, and nontaxable furniture and fixtures, this amount was reduced by fifty percent to yield the fair market value of the unit. Then, an uncontested equalization ratio of seventy percent was applied to the fair market value, resulting in the assessed valuation. This assessed valuation was roughly double the valuations of the same properties prior to their use as time-share intervals.

The taxpayers challenged the assessments, arguing that condominiums in which time-share interests have been created should be assessed in the same manner as comparable wholly-owned condominiums. The city argued that the time-share intervals are separate estates which must be taxed separately. Following a four-day hearing, the board ruled that the taxpayers had "failed to prove that the assessments [were] unfair, improper, or inequitable or that they represent[ed] a tax in excess of the [t]axpayers' just share of the common tax burden," and denied their requests for tax abatements.

On appeal, the taxpayers seek reversal of the board's decision, arguing: (1) that assessment on the basis of cumulative, separate assessments of each fractional interest in a condominium was improper; and (2) that the assessments improperly incorporated elements of exempt property. This is a case of first impression in this State. But, we note in passing that the legislature has amended RSA 356-B:4 by Laws 1985, 107:2, eff. April 1, 1986, to provide specifically for the appraisal of time-share interests. RSA 356-B:4 (Supp. 1985) mandates that "[e]ach unit in which time sharing interests . . . have been created shall be valued for purposes of real property taxation as if such unit were owned by a single taxpayer." This statute further requires that the "total cumulative purchase price paid for time sharing interests in any such unit shall not be determinative of the unit's assessed value," but may be considered as

a factor in making such a determination "provided that appropriate adjustments are made to exclude from consideration any non-real property interests." RSA 356-B:4 (Supp. 1985).

■ Taxes cannot be assessed in this State unless authorized by statute. *See Indian Head Nat'l Bank v. City of Portsmouth*, 117 N.H. 954, 955, 379 A.2d 1270, 1271 (1977); *King Ridge, Inc. v. Sutton*, 115 N.H. 294, 296, 340 A.2d 106, 108 (1975); N.H. CONST. pt. II, art. 5. Real estate and buildings are subject to taxation under RSA 72:6 (real estate) and RSA 72:7 (buildings, etc.).

Prior to April 1, 1986, no specific statutory provision existed relating to the taxation of time-share interests. *See* RSA 356-B:4 (Supp. 1985). The City of Laconia, however, developed an assessment formula whereby it took the average or typical value of the fractional interests or unit weeks and multiplied that value by fifty weeks. Then-existing law contained no authority for the appraisal of unit weeks as fractional interests.

■ Rather, because the time-share interests at issue were created in condominium facilities, they should have been assessed as condominiums. The taxation of condominiums is governed by RSA 356-B:4. This statute, entitled "Separate Titles and Taxation," provides in part that "[e]ach condominium *unit* shall constitute for all purposes a separate parcel of real property, distinct from all other condominium units." RSA 356-B:4 (emphasis added). A "unit" is defined as "a portion of the condominium designed and intended for individual ownership and use. . . ." RSA 356-B:3, XXIX. A time-share interest is not a separate "unit," but rather a property interest in a condominium unit. RSA 356-B:3, XXVIII. Thus, we hold that for the tax years prior to April 1, 1986, condominium facilities in which time-share interests have been created should be taxed as wholly-owned condominium units. RSA 356-B:4.

■ Since the city lacked authority to separately assess each unit week, the board incorrectly concluded that the appraisals based on the value of the unit weeks were lawful. Because of the result reached, we need not address the taxpayers' second argument, that there was unlawful taxation of exempt property. The decision of the board is reversed, and the case remanded for further hearings to determine the amount of excess tax and to order an abatement of the excess amount.

*Reversed and remanded.*

THAYER, J., did not sit; the others concurred.