Request of the House of Representatives
No. 89-152

## OPINION OF THE JUSTICES

May 11, 1989

The following answers are returned to the Honorable House of Representatives:

The undersigned justices of the Supreme Court submit the following reply to the questions presented in your resolution adopted April 13, 1989, and filed with this court on April 14, 1989. Interested parties were permitted to file memoranda with the court until May 1, 1989.

The New Hampshire "business profits tax," codified at RSA chapter 77-A, is imposed on the "taxable business profits" of business organizations. These profits are "gross business profits" adjusted by certain additions and deductions, and then further adjusted by a method of apportionment. RSA 77-A:1, IV (Supp. 1988). Under the current tax scheme, reasonable compensation is deductible in full. *See Opinion of the Justices*, 123 N.H. 296, 304, 460 A.2d 93, 96 (1983) (explaining operation of the "business profits tax"). House Bill 412-FN-A proposes an amendment to RSA 77-A:4 which would limit the compensation deduction to no more than $100,000 for "any individual employee, proprietor, partner, or trustee of the business organization," regardless of the compensa-

tion actually or reasonably paid. The individual's compensation which exceeds $100,000 would thus be included in the "taxable business profits," which are essentially the "net" taxable business income of the organization. *See id.* The bill also proposes an amendment to RSA 77-A:4 which would provide that "[i]n determining the compensation paid or deducted . . . for instances where an employee, proprietor, partner, or trustee is employed by, or performs services for more than one business organization, compensation shall be the aggregate of all compensation received from such business organizations."

Question (1) inquires whether proposed RSA 77-A:4, XIV(a) or (b) violate part I, article 12 and part II, articles 5 and 6 of the State Constitution. It asks specifically whether either of these provisions offends the constitutional requirements for equality, proportionality, and reasonableness, or whether they have the effect of impermissibly classifying taxpayers or impermissibly classifying property. For the following reasons, we answer in the affirmative.

■ Part II, article 5 of our Constitution requires that "all taxes be proportionate and reasonable . . . equal in valuation and uniform in rate, and just." *Opinion of the Justices*, 117 N.H. 749, 755, 379 A.2d 782, 786 (1977) (citations omitted); *Opinion of the Justices*, 111 N.H. 206, 209, 278 A.2d 348, 350 (1971). Part I, article 12 of the State Constitution also requires uniform and equal treatment in the taxation of business entities. *See, e.g., Opinion of the Justices*, 128 N.H. 1, 8, 509 A.2d 734, 740 (1986). Although we do not concern ourselves with the wisdom and practicality of proposed legislation, *Opinion of the Justices*, 110 N.H. 117, 122, 262 A.2d 290, 294 (1970), and we recognize that the legislature has broad power to create exemptions, such as deductions, adjustments and credits, these exemptions must be reasonable and uniform. *Opinion of the Justices*, 128 N.H. at 8, 509 A.2d at 740; *Opinion of the Justices*, 123 N.H. at 300, 460 A.2d at 96.

■ It is our opinion that the proposed amendments to RSA 77-A:4 (Supp. 1988) do not meet these constitutional mandates. In a previous opinion of the justices, we advised that the legislature may not create systems of taxation which would result in "two classes of taxpayers paying differing rates of tax on essentially the same class of property, business income." *Id.* Such is the constitutional infirmity here. The proposed amendment would have the effect of impermissibly classifying taxpayers in violation of part I, article 12 and part II, article 5 of the State Constitution. House Bill 412-FN-A creates two classifications of taxpayers: business organiza-

tions which compensate individual employees in excess of $100,000 and those which do not. The effect of this bill would be to impose differing tax burdens and differing tax rates on business organizations which have identical gross income and aggregate reasonable compensation expenses. A simple illustration of this would be the situation where two business organizations have the same amount of gross business profits and reasonable compensation expenses totalling $200,000, but one organization has only one employee, whose salary is $200,000, and the other organization has two employees, each with a salary of $100,000. It is clear that an unequal and unreasonable tax burden would result because the organization with two employees could fully deduct $200,000 while the organization with one employee could only deduct $100,000 of compensation.

We have stated that a deduction for compensation under the "business profits tax" is not constitutionally required; however, to the extent that it is allowed, "it must be available to *all* business organizations." *Opinion of the Justices,* 123 N.H. 296, 307–08, 460 A.2d 93, 101 (1983) (emphasis in original). The proposed $100,000 cap on reasonable compensation deductions would result in disproportionate taxation and would violate the constitutional principle that the legislature "must substantially treat *all* business entities uniformly and equally." *See Opinion of the Justices,* 128 N.H. 1, 8, 509 A.2d 734, 740 (1986) (quoting *Opinion of the Justices,* 123 N.H. at 302, 460 A.2d at 97) (emphasis in original). It follows, therefore, that proposed RSA 77-A:4, XIV(b) would also be unconstitutional, since it requires the aggregation of an individual's compensation from all organizations subject to the "business profits tax" for the purpose of determining compensation paid or deducted under proposed RSA 77-A:4, XIV(a).

Finally, we fail to see any just or valid distinction between these two classes of taxpayers which would permit the discrimination inherent in the proposed amendment. *See Opinion of the Justices,* 106 N.H. 202, 206, 208 A.2d 458, 461–62 (1965); *see also Opinion of the Justices,* 111 N.H. 206, 209, 278 A.2d 348, 350 (1971). Our Constitution cannot support the apparently arbitrary limitation on the amount of compensation which may be deducted as reasonable. *See Felder v. Portsmouth,* 114 N.H. 573, 578, 324 A.2d 708, 710 (1974) (classification must reasonably promote proper object of public welfare and must not be arbitrary). As discussed earlier, the net result of this limitation on the deduction, without reference to the reasonableness of the compensation paid, would be preferential tax treatment for organizations paying individual employees less

than $100,000. In sum, the provision would offend the constitutional requirements for equality, proportionality, and reasonableness and would impermissibly classify taxpayers in violation of our State Constitution.

In light of the foregoing discussion we need not determine whether the proposed amendment would also impermissibly classify property. For the same reason, there is no need to answer question (2), which asks whether HB 412-FN-A violates any other provision of the New Hampshire or United States Constitutions, a question which we would in any event respectfully decline to answer because of its generality. *See Opinion of the Justices*, 131 N.H. 573, 582 A.2d 454, 459–60 (1989) (quoting *Opinion of the Justices*, 101 N.H. 518, 522–23, 131 A.2d 818, 821 (1957)).

DAVID A. BROCK
WILLIAM F. BATCHELDER
DAVID H. SOUTER
WILLIAM R. JOHNSON
W. STEPHEN THAYER, III

May 11, 1989

*L. Jonathan Ross* and *Sari Ann Strasburg* filed a memorandum in opposition to the constitutionality of House Bill 412-FN-A.

*McLane, Graf, Raulerson & Middleton P.A.* (*Jack B. Middleton, David E. Barradale,* and *Ellen M. Burger*), filed a memorandum in opposition to the constitutionality of House Bill 412-FN-A.