214

Merrimack
Nos. 94-087
   94-088

BAXTER INTERNATIONAL, INC., SUCCESSOR TO AMERICAN
HOSPITAL SUPPLY CORP.

v.

THE STATE OF NEW HAMPSHIRE

BAXTER TRAVENOL LABORATORIES, INC.

v.

THE STATE OF NEW HAMPSHIRE

September 22, 1995

*Sulloway & Hollis*, of Concord (*David F. Conley* and *Edward C. Mosca* on the brief, and *Mr. Conley* orally), for the plaintiffs.

*Jeffrey R. Howard*, attorney general (*Monica A. Ciolfi*, senior assistant attorney general, on the brief and orally), for the State.

BATCHELDER, J. These consolidated appeals involve the plaintiffs', Baxter International, Inc. and Baxter Travenol Laboratories, Inc., challenges to their business profits tax assessments for the tax years 1982 through 1985. The plaintiffs argue that the Superior Court (*McGuire*, J.) erred in granting the State's motion to dismiss. We affirm.

The plaintiffs filed business profits tax returns reporting their taxable income under the "separate entity" method, which treats each corporate entity discretely for the purpose of determining tax liability. Following audits by the New Hampshire Department of Revenue Administration (DRA), the plaintiffs were identified as part of a larger, "unitary" business and consequently were required to calculate their tax liability under the unitary method. The unitary method

> calculates the local tax base by first defining the scope of the "unitary business" of which the taxed enterprise's activities in the taxing jurisdiction form one part, and then apportioning the total income of that "unitary business" between the taxing jurisdiction and the rest of the world on the basis of a formula taking into account objective measures of the corporation's activities within and without the jurisdiction.

*Container Corp. v. Franchise Tax Bd.*, 463 U.S. 159, 165 (1983). The DRA then recalculated the plaintiffs' tax liability, which resulted in additional assessments.

Following their unsuccessful appeals to the commissioner of DRA (the commissioner), the plaintiffs appealed to superior court. *See* RSA 77-A:14 (Supp. 1985) (current version at RSA 21-J:28-b (Supp. 1994)). The State moved to dismiss; the superior court granted the motions. These appeals followed.

"In reviewing a motion to dismiss on appeal, we ask whether the plaintiff[s'] allegations are reasonably susceptible of a construction that would permit recovery." *Gardner v. City of Concord*, 137 N.H. 253, 255–56, 624 A.2d 1337, 1338 (1993) (quotation omitted). We accept the plaintiffs' allegations of fact as true, and, if they constitute a basis for legal relief, we must hold the motion to dismiss improperly granted. *Id.*

■ The plaintiffs first argue that RSA 77-A:6 (Supp. 1985) (current version at RSA 77-A:6, IV (1991)) violates part I, article 12 and part II, article 5 of the New Hampshire Constitution by requiring only corporations, and not other forms of business organizations, to report net income under the unitary method of taxation and, consequently, to be taxed differently from other business organizations. The State counters that RSA 77-A:6 governs only the commissioner's ability to require a consolidated income report from certain corporations, but does not provide the authority to tax.

RSA 77-A:6, as it read in the tax years in question, empowered the commissioner to require "a corporation" to report its business profits under the unitary method where certain criteria were met. That it did not mention other forms of business organization, however, does not render the provision constitutionally flawed. *Cf. Opinion of the Justices*, 111 N.H. 206, 209, 278 A.2d 348, 350 (1971) (if corporate income is to be taxed, the burden must be shared by others enjoying like privileges). The apportionment formula in RSA 77-A:3 (Supp. 1985) (current version at RSA 77-A:3 (1991 & Supp. 1994)), required *all* business organizations conducting business within and without the State to compute the portion of their total business profits attributable to activity in this State under a three-part formula. *See* RSA 77-A:3, I. Where that method "d[id] not fairly represent the business organization's business activity in this State," RSA 77-A:3, II, however, either the business organization could elect, with proper approval from the commissioner, or the commissioner could require "the employment of any other method to effect an equitable apportionment of the business organization's gross business profits." RSA 77-A:3, II(c). Consequently, the application of the unitary method to *any business organization*, where the method provided equitable taxation of the business organization's business profits within this State, was specifically authorized. *See Appeal of N.E. Marketing Assoc's, Inc.*, 128 N.H. 750, 752, 519 A.2d 303, 304 (1986) (taxes cannot be assessed by the State unless authorized by statute). Nothing in RSA 77-A:6 limited that authority. Accordingly, the trial court did not err in holding that the

disputed statute established a possible reporting requirement; it did not establish the method by which a corporation was taxed.

■ The plaintiffs next argue that RSA 77-A:6 violated part I, article 37 of the State Constitution by giving the commissioner "unfettered discretion" to implement the unitary method. In order to pass constitutional muster, the delegation of authority to the commissioner in determining when to require a combined report must contain a declared policy and a prescribed standard laid down by the legislature. *See In re Kearsarge Regional School Dist.*, 138 N.H. 211, 215, 636 A.2d 1033, 1036 (1994). The statute at issue empowered the commissioner to compel a corporation, either owning more than fifty percent of the stock of another corporation or having another corporation own more than fifty percent of its stock, to provide information concerning the possible unitary nature of its business. RSA 77-A:6, IV. We find both a declared policy—"to effect an equitable apportionment of the business organization's gross business profits," RSA 77-A:3, II(c), and a prescribed standard—the fifty percent "owned or owning" criteria—in the delegation of legislative authority at issue here.

■ Raising an equal protection argument under both the State and Federal Constitutions, the plaintiffs contend that RSA 77-A:6, IV impermissibly vested the commissioner with the power to select certain corporations for combined reporting. We first analyze the plaintiffs' argument under our State Constitution. *State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1984). Because the Federal Constitution provides no greater protection in this area, we need not conduct a separate federal analysis. *See LeClair v. LeClair*, 137 N.H. 213, 221–22, 624 A.2d 1350, 1355 (1993).

We apply the rational basis test because the classification at issue does not involve "a suspect class, a fundamental right, or an important substantive right under our State Constitution." *Id.* at 223, 624 A.2d at 1356. Accordingly, RSA 77-A:6, IV "is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Id.* (quotation omitted).

Warren B. Rudman and Martin L. Gross, who were responsible for drafting the omnibus tax package of which the business profits tax was a part, expressed the rationale behind the adoption of the business profits tax:

> From its study of the revenues, expenditures and tax structure of the State, the Task Force [established by the 1969 General Court to make an overall study of the

> performance of government] concluded that major reform was needed because the tax structure of New Hampshire did not meet the three generally accepted standards of a satisfactory tax structure: fairness, ease of administration, and growth potential. The Task Force, therefore, recommended a flat six per cent profits tax on all business organizations in the State. This tax, it was felt, would meet the three standards and provide enough revenue to allow for the repeal of taxes universally condemned as unfair and discriminatory, the stock in trade tax and the machinery tax.

Rudman & Gross, *New Hampshire Business Profits Tax*, 12 N.H.B.J. 113, 114 (1970). Requiring certain corporations to provide information regarding their possible membership in a unitary business is rationally related to the State's interest in levying a tax on business organizations in a fair and nondiscriminatory fashion. Otherwise, "[a] business organization could avoid taxation of some of its net income in New Hampshire by organizing itself through the employment of several different forms of business organizations so that all of its New Hampshire business activity is performed by one business organization and its out of state business activity is performed by another." Lotter *et al.*, *New Hampshire Business Profits Tax: Fourteen Years Later*, 25 N.H.B.J. 223, 248 (1984). Gathering information to prevent such tax avoidance is neither arbitrary nor without some reasonable justification. *See LeClair*, 137 N.H. at 223, 624 A.2d at 1356.

■ Although the plaintiffs assert that other forms of business organizations were prohibited from filing under the unitary method and that such a prohibition also violated equal protection, RSA 77-A:3, II(c) specifically authorized the use of "any other method to effect an equitable apportionment of the *business organization's* gross business profits." That the commissioner's approval was required did not foreclose the option of employing the unitary method.

■ Lastly, the plaintiffs maintain that the trial court erred in ruling that their allegations that the commissioner had incorrectly computed their tax liability for the years in question were insufficient to withstand the State's motions to dismiss. When considering a motion to dismiss, "[t]he court will not . . . assume the truth or accuracy of any allegations which are not well-pleaded, including the statement of conclusions of fact and principles of law." *ERG, Inc. v. Barnes*, 137 N.H. 186, 190, 624 A.2d 555, 558 (1993). The plaintiffs'

second amended petitions in appeal to the superior court alleged that "the Commissioner has incorrectly computed [the plaintiffs'] . . . New Hampshire taxable income and tax previously paid [for the tax years in question]." Because the plaintiffs' petitions lacked specific facts to support this allegation, the trial court properly granted that portion of the State's motions to dismiss.

*Affirmed.*

All concurred.