# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0002, <u>Scott N. McCarthy v. Philip Pettis & a.</u>, the court on October 1, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Scott N. McCarthy, appeals orders of the Superior Court (<u>St. Hilaire</u>, J.) dismissing his claims against defendants Philip Pettis and Boynton, Waldron, Doleac, Woodman and Scott, P.A. (the attorney defendants), for failing to state valid claims of fraud, and entering summary judgment in favor of defendants Jeanne Ludden Civiello and Joseph Champagne, finding no genuine issue of material fact, and that Civiello and Champagne were entitled to judgment as a matter of law on the plaintiff's claim of "fraud upon the court." The plaintiff raises numerous issues on appeal. We affirm.

When reviewing an order granting a motion to dismiss, we assume the truth of the facts as alleged in the plaintiff's pleadings and construe all reasonable inferences in the light most favorable to the plaintiff. <u>Barufaldi v. City of Dover</u>, 175 N.H. 424, 427 (2022). We will not, however, "assume the truth or accuracy of any allegations which are not well-pleaded, including the statement of conclusions of fact and principles of law." <u>Baxter Int'l v. State</u>, 140 N.H. 214, 218 (1995) (quotation omitted). We review the plaintiff's allegations to determine whether they are reasonably susceptible of a construction that would permit recovery. <u>Barufaldi</u>, 175 N.H. at 427. We will uphold the granting of the motion to dismiss if the facts pled do not constitute a basis for legal relief. <u>Id</u>.

To establish fraud, a plaintiff must prove that a defendant intentionally made materially false statements to the plaintiff, which the defendant knew to be false or which he had no knowledge or belief to be true, for the purpose of causing, and which did cause, the plaintiff reasonably to rely to his detriment. <u>See</u> <u>Hair Excitement v. L'Oreal U.S.A.</u>, 158 N.H. 363, 369 (2009). "A plaintiff cannot allege fraud in general terms, but must specifically allege the essential details of the fraud and the facts of the defendants' fraudulent conduct." <u>Snierson v. Scruton</u>, 145 N.H. 73, 77 (2000).

In a separate action, the plaintiff brought a breach of contract claim against Civiello for amounts allegedly due under a construction contract. Civiello counterclaimed, alleging that the plaintiff's work was defective and

incomplete. In this action, the plaintiff alleged that Civiello falsely claimed to have incurred certain damages, and that the attorney defendants committed fraud by seeking to recover those damages on Civiello's behalf. In dismissing the claims against the attorney defendants, the trial court ruled that, even if Civiello's damage claims were fraudulent, the plaintiff's allegations were insufficient to support a reasonable inference that the attorney defendants should have known that the claims were fraudulent. Based upon our review of the pleadings, we agree with the trial court that the plaintiff's allegations against the attorney defendants do not constitute a basis for legal relief. See Barufaldi, 175 N.H. at 427.

The plaintiff moved for summary judgment against Civiello and Champagne, and Civiello and Champagne filed cross motions for summary judgment against the plaintiff. When reviewing the trial court's rulings on cross-motions for summary judgment, "we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law." Dube v. N.H. Dep't of Health & Human Servs., 166 N.H. 358, 364 (2014) (quotation omitted). "If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment." Id. (quotation omitted).

"Fraud on the court" has been described as "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." Conant v. O'Meara, 167 N.H. 644, 651 (2015) (emphasis and quotation omitted).

The court ruled that the defendants' damage-related statements and pleadings filed prior to Civiello's October 2022 motion for entry of final default judgment did not create a genuine issue of material fact regarding the plaintiff's claim of fraud upon the court because the court did not rely upon such statements or pleadings in awarding damages. As for the evidence submitted with the motion for entry of final default judgment, the trial court found that the plaintiff raised no genuine issue of material fact to show that the defendants' damage evidence was fabricated or false. Assuming, without deciding, that a claim of "fraud upon the court" in an earlier proceeding ending in final judgment may constitute a cause of action in a subsequent case, we agree with the trial court that the plaintiff presented no genuine issue of material fact on his claim of fraud upon the court, and that Civiello and Champagne were entitled to judgment as a matter of law. See Dube, 166 N.H. at 364.

2

Based upon our review of the briefs, the relevant law, the record on appeal, and the trial court's thorough and well-reasoned orders, we find the plaintiff's arguments to be unpersuasive and affirm the trial court's orders.

Affirmed.

MacDonald, C.J., and Donovan and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**